W. G. PARKER v. GADSDEN ICE AND POWER COMPANY

193 So. 848
Opinion Filed February 13, 1940

*Gregory & Towles,* for Appellant;

*Carl L. Owenby,* for Appellees.

TERRELL, C. J.—W. G. Parker, a single man, 22 years old, while employed by the Gadsden Ice and Power Company was injured in an accident which necessitated the amputation of his leg. It was agreed that he was temporarily and totally disabled for a period of four weeks. His average weekly earnings for the previous year were $16.32;

medical bills in the sum of $500 were paid, he was also paid 175 weeks compensation for the loss of his leg, all of which amounted to $1604.39.

He applied to the Florida Industrial Commission to be allowed four weeks additional compensation for the time he was temporarily and totally disabled. His application was denied and on appeal to the Circuit Court, the finding of the Industrial Commission was affirmed. This appeal is from the order of the Circuit Court.

The question to be decided is whether or not Parker is entitled to four weeks compensation (the period he was temporarily totally disabled) in addition to the 175 weeks compensation paid him for the loss of his leg.

Appellant contends that this question should be answered in the affirmative and relies on Section 15 of Chapter 17481, Acts of 1935, as amended by Chapter 18413, Acts of 1937, better known as the Florida Workman's Compensation Act, to support his contention.

The pertinent part of Section 15 is as follows:

"Compensation for disability shall be paid to the employee subject to the limits provided in Section 12 (b) and in lieu of all other compensation which may be awarded herein, as follows: * * *

"(b) Temporary Total Disability: In case of disability total in character but temporary in quality 50 per centum if no dependents, 55 per centum if one dependent and 60 per centum if more than one dependent of the average weekly wages shall be paid to the employee during the continuance thereof, not to exceed three hundred and fifty weeks, except as provided in Section 12 (a).

"(c) Permanent Partial Disability: In the case of disability partial in character but permanent in quality the compensation shall be 50 per centum if no dependents, 55 per centum if one dependent and 60 per centum if more

than one dependent of the average weekly wages, and shall be paid to the employee as follows:

"(1)   Arm lost, two hundred weeks' compensation.

"(2)   Leg lost, one hundred and seventy-five weeks' compensation.

"(3)   Hand lost, one hundred and fifty weeks' compensation.

"(4)   Foot lost, one hundred and twenty-five weeks' compensation."

Appellant contends that the first paragraph of Section 15 as here quoted should be read preceding each subparagraph (b) and (c) and that if so read, he would be awarded the compensation named therein and if in addition to the amount provided for the said injury, he was found to be temporarily totally disabled for a period of time in connection therewith, then he would be paid for the additional disability.

We are not impressed with the force of this contention but it seems to us rather that subparagraphs (b) and (c) provide definite compensation for two degrees of disability, to-wit:   "Temporary Total Disability" and "Permanent Partial Disability" and that when read in connection with the first paragraph quoted, the amounts awarded in the event of either degree of disability shall be "in lieu of all other compensation" awarded under the act. In other words, each degree of disability stands alone and carries its own recompense.

Permanent Partial Disability by the very terms of the Act refers to the loss of an arm, leg, hand, or foot, and carries a definite compensation while Temporary Total Disability has reference to an entirely different degree of disability and carries a maximum of approximately twice the compensation.   Under the facts in this case, we find no reason to hold that one injured may be found to be in both classes or that he may be in one class or degree for a

period and then switched to the other even though this might be the case under a different state of facts.

Having reached this conclusion, it follows that the judgment appealed from must be and is hereby affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

JUSTICES BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.