Rex Sweat, as Sheriff of Duval County, employer; U. S. Casualty Company, carrier, Appellants, v. Ray F. Allen, Appellee.

200 So. 348
En Banc
Opinion Filed January 28, 1941
Rehearing Denied Feb. 26, 1941

734

*George A. Pierce* and *Sam Kassewitz,* for Appellant; *Carlton C. Arnow* and *T. Franklin West,* for Appellee.

PER CURIAM.—This appeal presents the ultimate question of whether or not Ray F. Allen, the appellee and claimant, is entitled to the benefits of the Workmen's Compensation Act, Ch. 17481, Acts of 1935, as amended by Ch. 18413, Acts of 1937.

By the nature of his employment, the claimant, a deputy sheriff, was subject to being called to duty at any hour of the day or night by notification from one of his fellow

employees or the sheriff, his employer, for which he was paid a straight salary per month regardless of the number of hours he worked. Under his contract, it was shown that his employer could assign him to any task in the line of law enforcement at his pleasure.

The evidence discloses that claimant was first assigned, upon becoming a deputy sheriff, to be an assistant jailer with hours of work from 7 P. M. to 7 A. M. until he was notified to assume other duties. It developed that on several occasions, in addition to this regular assignment, the appellee was called upon to assist in apprehending prisoners who had escaped jail and also to serve various papers for the office.

Prior to January 3, 1938, Allen was re-assigned. His so-called regular duties, however, remained those of assistant jailer, but his hours of work were changed to begin at 7 A. M. and end at 7 P. M. While he was walking from his home to a busline upon the public street shortly after 6 A. M. on the morning of the third en route to the county jail to begin performance of his regular duties, he was struck by a dairy truck and sustained severe injuries therefrom. Gangrene developed in the left leg, which finally required its amputation below the knee.

· Appellee's claim for compensation was denied by the Florida Industrial Commission after an investigation, upon the ground that the injuries sustained by him did not "arise out of" his employment. The case was then appealed to the circuit court which reversed the commission's order, and entered an original award allowing Allen $18.00 per week from January 3, 1938, to and including October 1, 1938, as compensation for temporary total disability, and also the sum of $18.00 per week from October 1, 1938, for a period of 125 weeks as compensation for the loss of the foot or as permanent partial disability. The award in-

cluded the maximum allowance for medical expenses, less a credit of $400 which the claimant had received from a third party, the owner of the dairy truck. From this award the employer, Rex Sweat, and his insurance carrier appeal.

Our statute requires that an injury must both "arise out of" and be "in the course of" the employment in order to be compensable. Sec. 2 (5) of the Act, *supra.* We have said that "for an injury to arise out of and in the course of one's employment, there must be some causal connection between the injury and the employment or it must have had its origin in some risk incident to or connected with the employment or that it followed from it as a natural consequence." Or, an injury is compensable if it occurs "within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it." Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495.

The authorities all seem to hold that, as a general rule, injuries sustained by employees when going to or returning from their regular place of work are not deemed to arise out of and in the course of their employment. Voehl v. Indemnity Ins. Co. of North America, 53 S. Ct. 380, 288 U. S. 162, 77 L. Ed. 676, 87 A. L. R. 245. Many exceptions have been engrafted upon this rule, and several cases have attempted to enumerate those instances where the rule is inapplicable. As we view the question, however, the criterion of its applicability depends upon the nature and circumstances of the particular employment, and "no exact formula can be laid down which will automatically solve every case." Cudahy Packing Co. v. Parramore, 44 S. Ct. 153, 263 U. S. 418, 68 L. Ed. 366, 30 A. L. R. 532.

The case at bar is not that of any ordinary workman going to work; for by the very nature of the service the

claimant performed, he was continuously intrusted with certain duties, namely, to protect the peace and safety of the community and apprehend those guilty of its violation. His personal life was subservient at all times to the call of official servicee; he was, so to speak, on guard twenty-four hours a day, with no increase in salary in proportion to the time devoted. This high duty of the office rested upon the claimant and was a part of his employment notwithstanding the fact that he was immediately assigned as the jailer, for the word "employment," as used in the Workmen's Compensation Act, refers to the whole period of time or sphere of activities, regardless of whether the employee is actually engaged in doing the thing he was employed to do. Wirta v. North Butte Mining Co., 64 Mont. 279, 210 Pac. 332, 30 A. L. R. 964.

As shown by the record, the claimant's employment did require him to be upon the street upon occasion. And while he was not there in response to an order on the morning of his injury, he was within his employment for he was still charged with a duty or task connected therewith. We do not believe it would be denied or controverted that the injury arose out of and in the course of claimant's employment had he on that occasion been attempting to arrest a drunken driver and been run down. Yet, there is the same "causal connection" of the employment to the injury between the facts in the illustration and those in the case at bar.

To us, the conclusion that claimant's injury arose out of and in the course of his employment is inescapable, and is sustained in other jurisdictions. In the case of Mayor & Alderman of Town of Tullahoma v. Ward, (Tenn.) 114 S. W. (2d) 804, compensation was awarded to the widow of a policeman whose hours of patrol duty were from noon to midnight, and who was struck by a car while on his way

home shortly after midnight. And, it was held that the death of a policeman, assigned primarily to guard a particular colliery, was compensable although the fatal injury occurred in a motor car collision while deceased was on his way home after completing his regular assignment. Healey v. Hudson Coal Co., 130 Pa. Super. 462, 198 Atl. 684.

The case of Fidelity & Casualty Co. of New York v. Moore, *supra,* relied upon by appellant, is distinguishable from the case·at bar, for in that case the deceased employee was engaged upon a personal mission when the accident occurred, and was neither fulfilling any of the duties of his employment nor engaged in doing anything incidental to it.

The appellant insists, however, that even if the accident arose out of and in the course of the claimant's employment no claim for compensation can be allowed under Section 39 (a) of the Act, *supra,* because the claimant executed a release to the third party who injured him and received a settlement therefor.

Section 39 (a) of the Compensation Act, *supra,* provides that "if on account of a disability or death, for which compensation is payable under this Act, the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect by giving notice to the employer and the Commission in such manner as the Commission may provide, to receive such compensation or to recover damages against such third person. This notice must be given within thirty days from the date of the accident."

The evidence shows that the employer·was notified of the accident the day it happened. On January 11, 1938, nine days thereafter, his report of the injury was filed with the Industrial Commission. The insurance carrier also filed its notice to controvert the claim on that day, basing the denial

of liability upon the ground that the injury did not arise out of and in the course of the claimant's employment. Nowhere is it shown that claimant gave any notice of an election as required by the Act. He did, however, execute the release heretofore mentioned on May 12, 1938, and the carrier contends that the effect of this release constituted an election and thereby their right of subrogation as provided for in the Act was extinguished so that the employee can not now claim compensation.

The term "elect," as used in Section 39, does not have the meaning which it frequently has of indicating a choice between two inconsistent remedies. This is apparent from the whole tenor of the Act, for one of its paramount purposes is to insure that an employee, injured while engaged in his employment, receive an amount equal in any event to that contemplated therein. It makes no difference whether the injury was received as a result of the employer's negligence or that of a third person not under the Act. In the latter instance, however, the Legislature has preserved the employee's common law right of action against the third person so that the workman is not limited or curtailed solely to compensation allowable if the injury inflicted by the third person's wrongful act is of greater proportion. On the other hand, if the claimant elects to take compensation under the Act, his cause of action against the third party is assigned to the employer, who thereby becomes subrogated to such remedy of the claimant.

We have said that the provision requiring that the employee give notice of his election to sue the third party was for the protection and benefit of the employer, or the person liable for the statutory compensation, in that he can take steps to see that an adequate recovery is obtained. Hartquist v. Tamiami Trail Tours, 139 Fla. 328, 190 So. 533.

In such event, the recovery or settlement inures to the benefit of the employer.

What then is the effect of a settlement, less than the compensation allowable, between the employee and a third person where no notice is given and the person liable for compensation does not partake therein or ratify it? Is the employee barred from recovering compensation? If not, is the right of subrogation extinguished which the employer or his insurance carrier would ordinarily have?

It is our conclusion, in view of the policy of the Act and the purpose of Section 39, that a negligent third party cannot, without the consent or concurrence of the employer, effect or preclude the right of the employer to the recovery of damages against him to the extent of compensation allowable by settlement with the injured workman. The wrongdoer must take notice of the rights of all, and cannot by settlement with the injured party increase the burden of the innocent employer. The statute, while protecting the workman, does so without sacrificing the rights of either the employer or the third party. The latter cannot be placed in any less favorable position, because whatever he pays he cannot be called upon to pay again; but, if he settles for less than his actual liability, he remains liable to the employer for such excess up to the amount allowed under the Act. See Everard v. Woman's Home Companion Reading Club (Mo.), 122 S. W. (2d) 51; General Accident & Assur. Corp. v. John P. King Mfg. Co., 60 Ga. App. 281, 3 S. E. (2d) 841. The release in such case constitutes no obstacle in the way of the insurer prosecuting the assigned claim against the third party, and hence is no defense to these proceedings for compensation by the employee.

In any event, the present claim cannot be defeated upon this ground, for the language of Section 39 (a) necessarily implies that the third person must be legally "liable in dam-

ages," and that has not been established, nor can it be, in this proceeding. A third party's settlement with the workman cannot be taken as an acknowledgment by it of its legal liability; the release and settlement "is not an adjudication of the legal liability of the defendant (third party), nor even evidence" thereof. United States Fidelity & Guaranty Co. v. New York, N. H. & H. R. Co., 101 Conn. 200, 125 Atl. 875.

Appellant also contends that the sole power to enter an award under the Act rested with the Industrial Commission, and therefore argues that the circuit court erred in not returning the case to the Commission. The basis of their contention is found in the wording of Section 27 (b) of the Act, *supra,* which reads that the compensation order "may be reversed or modified by the circuit court" upon appeal, but fails to expressly confer the power of entering an original award.

This contention is untenable. The record shows that all the facts essential to the determination of the award have been adduced before the Commission and that they are uncontradicted, but that the sole ground for denying an award was upon the principal that the injury did not arise out of workman's employment. Under the circumstances, it would be a denial of a part of the court's appellate jurisdiction to hold that it could not apply the law to those facts and enter an original award after finding that the Commission erred in denying the claim. See Section 4637, Comp. Gen. Laws of 1927.

The insurance carrier further argues that because the employer continued to pay the claimant his full salary from the time of the accident until September 31, 1938, notwithstanding claimant was unable to work in that period due to his injury, that it is entitled to a credit of the amount so paid. We cannot sustain the contention, for "under its

contract, the insurance company was obligated to reimburse the employer the amount of the statutory award made the employee herein by a competent tribunal . . . If the employer wished to donate to the employee or his family additional sums as a gratuity, that was no concern of the insurance company. Such gratuities did not relieve the employer of his statutory liability to the employee, and they cannot affect the liability of the insurance company." Hartford Accident & Indemnity Co. v. Hay, 159 Tenn. 202, 17 S. W. (2d) 904.

As noted, the circuit court allowed the claimant $500 for medical expenses. Section 13 (a) of the Act, *supra,* provides that "the employer shall furnish" medical attendance and treatment, or "if the employer fails to provide the same after request by the injured employee, such injured employee may do so at the expense of the employer." The Act further provides that the injured employee shall not be entitled to recover any amount expended by him for such services unless (1) he shall have made such request or the employer have had knowledge of the nature of the injury and failed to provide; and (2) the claim therefor must be made within twenty days following the termination of the treatment. The record discloses that the major portion of the claim for medical expenses was not filed within the prescribed period, and for that reason appellant asserts the lower court erred in allowing the maximum expenditures.

We must conclude that the language of this section providing that no claim shall "be valid and enforceable" unless filed within twenty days following the treatment is mandatory, and therefore all demands not filed in conformity therewith should not have been allowed.

The lower court also awarded the claimant compensation for "temporary total disability" from the date of the accident until October 1, 1938, and "permanent partial disa-

'bility" from the latter date for 125 weeks. In view of our decision in the case of Parker v. Gadsden Ice & Power Co., ·141 Fla. 721, 193 So. 848, holding that "each degree of disability stands alone and carries its own recompense," and that. one injured may not be found to be in both classes, this was erroneous and the claimant should only have been allowed compensation for the permanent partial disability.

For the reasons set forth above, the judgment is reversed and the cause is remanded for appropriate proceedings.

TERRELL, WHITFIELD, BUFORD, CHAPMAN and ADAMS, J. J., concur.

BROWN, C. J., and THOMAS, J., dissent.

BROWN, P. (dissenting).—On January 3, 1938, Ray F. Allen, the claimant and appellee, then employed as a deputy sheriff of Duval County, sustained disabling injuries when he was struck by a dairy truck on the streets of Jacksonville. He was, on that occasion, walking from his home to a bus line en route to the county jail, where he was to perform his regular duties as assistant jailer. His regular hours of work at this time were from 7 A. M. to 7 P. M., which were spent at the jail.

Claimant was, however, subject to being called to duty ·at any hour of the day or night by notification from one of his fellow employees or from the sheriff; he was constantly under the duty to apprehend any person committing a breach of the peace in his presence. The claimant received a regular salary, and was not to receive any additional amount for such special services as were rendered outside of regular hours of duty at the jail.

The claimant contends, that, because these latter facts existed his injury arose "out of and in the course of" his employment to meet the requirements of Sec. 2 (5) of the Workman's Compensation Act, Ch. 17481, Acts of 1935 as

amended by Ch. 18413, Acts of 1937, and that he is therefore entitled to compensation. His claim was denied by the Florida Industrial Commission, and the case was then appealed to the circuit court which reversed the Commission and entered an original award.

As a general rule, injuries sustained by an employee in going to or returning from his regular place of work are not deemed to arise out of and in the course of his employment. Voehl v. Indemnity Ins. Co. of North America, 288 U. S. 162, 77 L. Ed. 676, 53 S. Ct. 380, 87 A. L. R. 245 and note. Many exceptions have been engrafted upon this rule, however, depending upon the nature of the employment the claimant is in and the circumstances of the case.

The guiding principle in this class of cases is found in the enunciation of this Court in the case of Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495, where it was said that "for an injury to arise out of and in the course of one's employment, there must be some causal connection between the injury and the employment, or it must have had its origin in some risk incident to or connection with the employment, or that it followed from it as a natural consequence." Or, an injury is compensable if it occurs "within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it."

With this principle as the measure, the claimant's case falls short. When the claimant left his home and started for work, he was still "off-duty" and outside the sphere of activities required of him. He was not performing any service growing out of and incidental to his employment. Clapps Parking Sta. v. Ind. Acci. Comm. 51 Cal. App. 624, 197 Pac369.

While it may be said that claimant's injury was suffered

within the "period of employment" due to the fact that he was required to hold himself ready to perform certain duties at any hour of the day or night, that alone is insufficient to bring his case within any exception to the rule above. Nor is it enough when coupled with the fact that his salary was constant and fixed, regardless of the number of hours devoted to his work. And the mere fact that appellee was under a duty to apprehend any person committing a breach of the peace in his presence adds nothing.

It could not be successfully argued that claimant would be entitled to compensation for any injury incurred in Duval County while he was a deputy sheriff. Yet that is the effect of his argument, even if the injury had been received while he was at home or at a party or on a personal mission.

Had claimant been upon his way in answer to a call to render some special service, or had he been undertaking the performance of some duty upon his own initiative, a different result might be reached, for that would add one more salient fact to the record. Under the case made, however, we can observe no "causal connection" between the business of the employer and the accident which befell the claimant and the general rule applies.

For the reasons set forth above, I think the judgment of the circuit court should be reversed and set aside, with directions that the Industrial Commission's order be affirmed.