MRS. WALTER FOREHAND and DAVID ARTHUR FOREHAND
v. J. D. MANLY, MANLY CONSTRUCTION COMPANY, and
UNITED STATES CASUALTY COMPANY.

2 So. (2nd) 864
Special Division A
Opinion Filed May 27, 1941
Rehearing Denied June 13, 1941

288

*William K. Whitfield, Fred Lagerquist, Jr.* (Albany,

Georgia) and *Bennet & Peacock* (Albany, Georgia), for Claimants and Appellants;

*William B. Bond* for Employer and Appellee and for Carrier and Appellee.

CHAPMAN, J.—The record in this case discloses that J. D. Manly and Manly Construction Company were, on or about February 9, 1939, engaged in construction work near Leesburg, Lake County, Florida. The United States Casualty Company carried insurance on the employees of the construction company. The superintendent of the construction company, John P. Duane, while in the State of Georgia, contacted Walter Forehand and employed him to drive a truck loaded with machinery from Pinehurst, Georgia, to Blackshear, Georgia; thence to Waycross, Georgia, and thence to Leesburg, Florida. The amount of compensation was $3.00 per day, plus meals and lodging while on the trip. If certain expected materials had arrived, then Forehand would be given employment at Leesburg. If the materials had not arrived, Forehand would be supplied transportation back to Mystic, Georgia, with his *per diem* and cost of traveling as above set out. D. B. Sheffield, under the same arrangements, drove another truck from Georgia to Leesburg, Florida.

The superintendent, Mr. Duane, and Messrs. Forehand and Sheffield reached Leesburg, Florida, on February 10, 1939, and upon inquiry learned that the expected materials had not arrived at Leesburg, and for this reason continued employment could not be given to the truck drivers Forehand and Sheffield, and they returned on the afternoon of the same day with the superintendent from Leesburg to Ocala, Florida, where

the latter made his home. The truck drivers were on the following morning placed in a truck driven by the superintendent's son, after full settlement according to the agreement under which they left the State of Georgia, and started their return trip to their homes in Georgia. They bought and drank some whiskey while at Lake City, Florida, and later at Pearson, Georgia. They became interested in demonstrating the speed of the truck after leaving Pearson, which resulted in the truck catapulting into the Alapaha River and killing Forehand and injuring Sheffield.

The claim of Mrs. Walter Forehand for compensation benefits under the Florida Workmen's Compensation Act was filed with the Florida Industrial Commission; the parties appeared and presented testimony, and on April 11, 1940, the claim was dismissed. On appeal the Circuit Court of Leon County, Florida, affirmed the order of the Industrial Commission, and an appeal to the Supreme Court of Florida has been perfected from the order of the circuit court entered in the cause on January 16, 1941.

One of the pertinent questions for decision of the controversy propounded by counsel for claimant on this appeal is viz.: "Where an employer contracts in Georgia to employ one to drive a truck to Florida, under an agreement that the employer shall, at the end of that trip in Florida, have three options, to-wit: (1) to further employ the employee in road building in Florida, or (2) to hold the employee in Florida a few days awaiting the employer's decision as to whether he will or will not employ the employee further; or (3) to return the employee to Georgia (the employer not being bound to do any particular one of

these things until he does exercise his option), and the employer does exercise that option in Florida and thereby binds himself to return the employee to Georgia—in these circumstances, is the contract of employment for the return trip made in Florida, where the option is exercised?"

Counsel for appellees contend that the foregoing question has no basis in the testimony and is but argumentative conclusions of counsel, and that the decisive question is viz.: "Is the place of making such contract of employment changed if the employer at the time of the making thereof promised to give the employee work on a job at Venetian Gardens near Leesburg, Florida, provided the job was ready and, if the job should not be ready, to return the employee to his home, and especially when it developed that the job was not ready and that the accident occurred while the employee was being returned home in accordance with such contract of employment?"

Section 3 of Chapter 18413, Acts of 1937, Laws of Florida, amending Chapter 17481, Acts of 1935, in part, provides:

"Section 3. That Section 9, Chapter 17481, Acts of 1935, be and it is hereby amended to read as follows:

" 'COVERAGE

" 'Section 9. (a) Compensation shall be payable under this Act in respect of disability or death of an employee if the disability or death results from an injury arising out of and in the course of employment. Death resulting from an operation by a surgeon furnished by the employer for the cure of hernia as required in Section 15 (f) shall for the purposes of this Act be considered as a death resulting from the acci-

dent causing the hernia. Where an accident happens while the employee is employed elsewhere than in this State, which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this State, and if the employer's place of business is in this State or if the residence of the employee is in this State: Provided, his contract of employment was not expressly for service exclusively outside of the State: Provided, however, that if an employee shall receive compensation or damages under the laws of any other State, nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided herein. * * *' "

The quoted provision *supra* controls the case at bar. An examination of Workmen's Compensation Acts of many of the several States (See Schneider on Workmen's Compensation Law, Vol. 1 [2nd Ed.] 428-433) discloses that the Acts shall apply to injuries received outside of the State if the contract of employment was made within the State. There appears to be no established rule of construction other than the statute of each State shall control, but the facts presented by this record raise a question for decision not previously appearing before this Court.

The case of Berrier v. Associated Indemnity Co., 142 Fla. 351, 196 So. 188, while not absolutely controlling, throws some light on the issues here involved. The facts in that case showed that the Berrier's Ice Cream Company, a Florida corporation, was engaged in manufacturing ice cream in Jacksonville, Florida, and Floyd L. Berrier was Secretary and an employee thereof, and went to Richmond, Virginia, for the pur-

pose of assisting in the installation of new equipment of a Virginia corporation engaged in a similar line of business. The salary of Berrier for several months while so engaged was paid by the Florida corporation and he lost his life while working in the line of duty for the Virginia corporation. The claim of the widow was denied by the Florida Industrial Commission and on appeal affirmed by the circuit court and likewise by this Court, which in part said (text 142 Fla. 359-360):

" 'The vital questions in controversies of this kind are: (1) Did the employee actually or impliedly consent to work for a special employer? (2) Whose was the work he was performing at the time of injury? (3) Whose was the right to control the details of the work being performed? (4) For whose benefit primarily was the work being done?'

"Applying the principles of law established in these cases to the facts in the case at bar, we find that Floyd Berrier had given his oral consent to do the work for the Virginia Corporation, and had actually engaged in such work; that the work he was performing at the time of the injruy was that of the Virginia Corporation; that the Virginia Corporation had the right to control and supervise the details of the work being done by Floyd and to determine whether or not it should stop or continue; and it was for the benefit of the Virginia Corporation that the work was being done, any benefit coming to J. R. Berrier therefrom was through the Virginia Corporation and not through any connection he had with the Florida Company. . . . It is the weight of authority that while payment of wages is a circumstance which may aid in determining the employer, that payment of wages or salary, of itself, is insufficient to establish that the receiver

thereof is the servant of the one paying the wages or salary. . . ."

The briefs of counsel for the respective parties fail to cite a statute enacted by other States similar to the one here involved and an independent search on the part of the writer of the statutes of other jurisdictions and cases for a precedent that can or may throw light on the point in issue has been entirely without favorable results. The controversy here must turn on a construction of the statute *supra* now before us, and in so doing the rules of statutory construction now controlling must be followed and observed. One of the cardinal rules adopted by this Court is the legislative intent as gleaned from a consideration of the entire enactment.

It is well established that the language of a statute may be so plain as to fix the legislative intent and leave no room for interpretation and construction. See Osborne v. Simpson, 94 Fla. 793, 114 So. 543. Where the language of a statute is plain and unambiguous and admits of but one meaning, effect must be given to it accordingly, and the courts, in construing such statute, will not be justified in departing from the plain and natural meaning of the language used. See Douglass, Inc., v. McRainey, 102 Fla. 1141, 137 So. 157. The rules of construction of a statute suggest an investigation of the legislative history of the Act for the purpose of ascertaining and applying the legislative intent. See American Bakeries Co. v. City of Haynes City, 131 Fla. 790, 180, So. 524; Marvin v. Housing Authority of Jacksonville, 133 Fla. 590, 183 So. 145.

It was the intention of the Legislature that compensation should be payable under the terms of the

Act: (1) if the contract of employment was made within the State of Florida; (2) if the employer's place of business is within the State of Florida; (3) or if the residence of the employee is within the State of Florida; (4) when an accident happens while the employee is employed elsewhere than within the State of Florida which would entitle him or his dependents to compensation if the contract of employment was made within the State of Florida.

It therefore follows if the contract of employment for the transportation of the machinery from the State of Georgia to Florida was made and entered into between Mr. Duane, as superintendent of the Manly Construction Company, and Mr. Forehand, the deceased, in the State of Georgia then there cannot be a recovery here, because the situs of the contract under the statute *supra* must be within the State of Florida. If, as contended by counsel for appellants, a new contract of employment for service to be rendered was entered into after the employer and employees reached the State of Florida and the situs thereof was within the State of Florida and the employees sustained injuries in the State of Georgia while performing that service, then and in that event the decree appealed from must be reversed. It is fundamental that this vital point must be decided from the testimony appearing in the record. The appeal comes to this Court with a presumption that the decree of the lower court was correct, and the burden of showing error under our system rests in this Court on the appellants.

The entire record has been carefully and, on the part of the writer, sympathetically reviewed; able oral argument was presented by counsel, the cases appearing in the brief have been examined, and several hours

have been consumed in independent investigation of the authorities. We are unable to find error in the record. It is our duty to apply the law to the facts as established and in so doing the conclusion is inescapable.

The decree appealed from is hereby affirmed.

BROWN, C. J., WHITFIELD and BUFORD, J. J., concur.

CHAPMAN, J.—It is suggested on petition for rehearing that this Court failed and omitted to consider certain facts appearing in the transcript and the legal authorities cited in the appellant's briefs. The agreement made with deceased, Walter Forehand, in the State of Georgia by John P. Duane, Superintendent of the Manly Construction Company, did not bind the construction company to return Walter Forehand to the State of Georgia, it is contended, but it was *optional* with the construction company whether or not Forehand would be returned to the State of Georgia or would be retained a reasonable time prior to deciding whether or not the Manly Construction Company would retain Walter Forehand or would give him permanent employment in the State of Florida. That the Manly Construction Company exercised its option within the State of Florida to return Walter Forehand to the State of Georgia and when the construction company exercised its said option not to give Walter Forehand permanent employment in the State of Florida, but to return him to Georgia, then a mutual and binding agreement was established between the construction company and Walter Forehand within the State of Florida which was to be performed by transporting Walter Forehand from Leesburg, Florida, to his home in the State of Georgia

and that he was killed in Georgia when the Florida agreement was being executed, and for this reason the award should be reversed.

We have for the second time carefully considered and examined the several authorities cited to sustain this view appearing on page 21, 22 and 23 of the brief filed March 31, 1941.

The answer to this contention is two fold: (1) the cited authorities cannot be followed by this Court when Section 3 of Chapter 18412, Acts of 1937, specifically provides that compensation shall be due and payable under the provisions thereof: if the contract of employment was made within the State of Florida; (b) if the employer's place of business is within the State of Florida; (c) or if the residence of the employee is within the State of Florida; (d) if when an accident happens while the employee is elsewhere than within the State of Florida . . . the Florida statute controls rather than the several authorities cited; (2) we are unwilling to follow and place upon the testimony as to the agreement of the parties the construction and interpretation as contended for by counsel for appellants. Mr. Duane employed Walter Forehand to drive a truck loaded with machinery from Pinehurst, Georgia, to Leesburg, Florida, and was to pay him the sum of $3.00 per day, plus the cost of meals and lodging from Pinehurst to Leesburg, and agreed if certain building materials had reached Leesburg that further employment would be supplied, but if the materials had not arrived he would be returned to his home in the State of Georgia. The materials had not arrived and Walter Forehand was being transported home and was killed a few miles from Mystic, Georgia, his home. If the materials had arrived, other

employment was to have been supplied, otherwise no further employment.

It is next contended by counsel for appellants that this Court overlooked and failed to consider that it was the legal duty and obligation of the construction company to return Walter Forehand over the most direct and practicable route from Leesburg, Florida, to Mystic, Georgia, his said home; that transportation should be by bus or common carrier, but that the method selected by the construction company being by private truck, under the circumstances created and established a new agreement entered into between the parties within the State of Florida and for this reason the Florida Industrial Commission under the statutes of Florida had jurisdiction and could make an award to the widow, although Walter Forehand was killed in the State of Georgia while enroute to his home from Leesburg, Florida.

The agreement made in Georgia for Walter Forehand to drive the loaded truck to Leesburg failed to stipulate the manner of transportation on the return trip to his home. We are unable to read into the agreement that the return trip was to be made by the most direct and practicable route by bus or other common carrier, but the parties on arriving at Leesburg learned that the materials had not arrived and knew that future employment was not available. When these facts became known the construction company took the employees from Leesburg to Ocala where they spent the night, and next day they accepted transportation in a private truck supplied by the superintnedent to their home in Georgia. The agreement was to return them to Georgia if the future employment was not available.

We are unable to find in the testimony the contention of counsel for appellant that the contract was entered into between the parties in the State of Florida, but it clearly sustains the holding that the agreement was entered into between the parties in the State of Georgia, whereby they were to receive $3.00 per day and meals and lodging while driving the trucks from Georgia to Leesburg, Florida, and be returned to their homes in Georgia by the construction company. It was agreed further that Walter Forehand was to be given employment at Leesburg provided certain named materials or equipment had arrived and Forehand, anticipating the possible employment, took with him some extra clothing. We cannot find in the record any testimony to sustain a holding that the contract of employment was made or entered into within the State of Florida and that the Industrial Commission of Florida has jurisdiction of the controversy. The testimony is that the contract was made by the parties in the State of Georgia and that Walter Forehand was killed in the State of Georgia.

The petition for rehearing is denied.

BROWN, C. J., WHITFIELD and BUFORD, J. J., concur.