STONE-BRADY, INC., Employer, NEW AMSTERDAM CASUALTY COMPANY, Insurer, and FLORIDA INDUSTRIAL COMMISSION, v. MRS. BEULAH HEIM, Employee.

12 So. (2nd) 888 January Term, 1943
April 6, 1943 Division A

*Chappell & Brown,* for appellant.

*Knight & Green,* and *Walter Rountree,* for appellee.

CHAPMAN, J.:

The record in this case discloses that for several days prior to October 22, 1940, Mrs. Beulah Heim was employed as a waitress in a restaurant owned and operated by Stone-Brady, Inc., in the City of Miami. Victor M. Cassimus was employed as night manager of the restaurant. The claimant reported for duty around 7:00 o'clock A. M., and complained of a "crick" in her neck, when the night manager undertook to manipulate claimant's neck by snapping it and jerking her head in an effort to snap the "crik" out of her neck and in so doing seriously injured the claimant's neck and spinal column and thereby disabling her for an indefinite period.

It is shown that Cassimus owned no interest in the business and was employed as night manager, with directions to look after the money, make coffee, etc. He was without authority to employ or discharge waitresses. He volunteered his services in the effort to remove the "crick" from the neck of the claimant. There is evidence tending to show that the claimant could better discharge her duties as a waitress if the "crick" was removed from her neck.

Appellant contends that the claimant's injury did not arise out of the course of her employment, but resulted from the unauthorized acts of a volunteer for which the employer should not be legally bound; and that the case is ruled by Travellers Ins. Co. v. Taylor, 147, Fla. 210, 3 So. (2nd) 381. Likewise the ruling of the Florida Industrial Commission holding in effect that the employer could not be held liable for the unauthorized acts of his employee, and for this reason the claimant could not recover.

The findings as made by the Florida Industrial Commission shall be given about the same weight and consideration which a chancellor gives to the findings of fact and law as

made by a special master. See Forehand v. Manley, 147 Fla. 287, 2 So. (2nd) 864. The burden of proof under the law rested upon the claimant. The employment and amount of compensation is practically admitted. The controverted point arising from all the testimony is whether the accident and claimant's admitted injury are such that arise out of and in the course of her employment.

We have given careful consideration to the evidence appearing in the record, and the briefs, coupled with oral argument of counsel heard at the bar of this Court, and we conclude that the claimant received her injuries which arose out of and in the course of her employment and the case is ruled by Fidelity & Casualty Co. v. Moore, 143 Fla. 103, 196 So. 495, and Sweat v. Allen, 145 Fla. 733, 200 So. 348. We fail to find error in the record.

Affirmed.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.