WILLIS ABRAM BRIGGS, Employee, and FLORIDA INDUSTRIAL COMMISSION, v. TRIPURE PRODUCTS CO., Employer, and LUMBERMAN'S MUTUAL CASUALTY COMPANY, Insurance Carrier.

13 So. (2nd) 152
April 16, 1943
Rehearing Denied May 11, 1943

January Term, 1943
Division A

*Morehead & Pallot* and *R. D. Tylander,* for appellant.
*McKay, Dixon & DeJarnette,* for appellees.

CHAPMAN, J.:

The sole question for adjudication presented on this appeal is the sufficiency of the evidence to sustain claimant's contention that he received accidental injuries when rendering services for his employer and the alleged injuries arose out of and within the course of his employment within the rule of statutory construction enumerated in Stone-Brady, Inc. v. Heim, 152 Fla. 710, 12 So. (2nd) 888, not yet reported;

Sweat v. Allen, 145 Fla. 733, 200 So. 348; Fidelity & Casualty Co. v. Moore, 143 Fla. 103, 196 So. 495.

Subsection 19 of Section 440.02, Fla. Stats. 1941, defines accidents, viz:

"(19) 'Accident' shall mean only an unexpected or unusual event, happening suddenly. A mental or nervous injury due to fright or excitement only or disability or death due to the accidental acceleration or aggravation of a veneral disease or of a disease due to the habitual use of alcohol or narcotic drugs, shall be deemed not to be an injury by accident arising out of the employment. Where a pre-existing disease is accelerated or aggravated by an accident arising out of and in the course of the employment, only acceleration of death or the acceleration or aggravation of disability reasonably attributable to the accident shall be compensable."

Pertinent facts are established by the testimony viz: The claimant, Willis Abram Briggs, during the month of December, 1941, worked as a manager and bookkeeper for the Tripure Products Co., at its office located at 652 13th Avenue, Miami, Florida. Rats were seen about this office prior and subsequent to December, 1941. In the area where the office is located typhus fever is more prevalent than in other sections of the City, and more particularly at 527 S. W. 13th Avenue, Miami, Florida, where claimant resides with his family. Rats, however, were found in vacant lots near the home. Rats with fleas on them were caught about the office where claimant worked, but the evidence fails to show that the caught rats or fleas thereon were infested with typhus. A recognized conduit of typhus fever is a bite by an infected flea from a rat possessing the typhus germ. The typhus fever develops in a person ranging from 8 to 14 days after the bite.

Claimant received a bite when working for his employer and within 8 to 14 days thereafter went to the hospital and was treated for typhus. It was not disputed that the claimant had the fever. He did not see the flea when bitten, but clearly recalled the occasion, and that it occurred a few days prior to the development of typhus. Emphasis is placed by counsel on the paucity of the evidence establishing (1) that

a flea bit the claimant; (2) that the flea was infected by a typhus germ; (3) a test of the blood of the rats trapped in the office would have disclosed typhus germ infection. Information and illuminating arguments center about what may or may not be established by inferences from the evidence adduced and presumptions incidental to the several inferences or deductions flowing from all the evidence.

Counsel for appellees point out that the evidence fails to show that the claimant was ever bitten by a flea. If by inference we conclude that a flea bit him, then it does not appear that the flea was infected by typhus, and this fact is essential to claimant's recovery. Rats were trapped in the office where claimant worked but blood tests for typhus germs were not made. The burden of proof by the terms of the Act rested on the claimant. It is contended that the claimant requests the courts to assume pertinent facts to exist which by the Act are required to be established by competent evidence viz: (a) that there was a flea in the office where claimant worked; (b) that the infected flea bit the claimant when he was performing services for his employer in the course of his employment; (c) that the infected flea came from a rat infected with typhus germs. In the absence of evidence the law requires an order of affirmance.

Appellant's testimony, as contended by his counsel, discloses that the area north of the river where claimant worked had developed several cases of typhus. The area of the City in which his home was located was practically typhus free. That he was bitten when at work in the office and felt the bite but did not see the flea. He developed sporatic typhus within ten days after the bite. Rats were about the place and those trapped and poisoned had fleas. Sporatic typhus is transmitted by infected rats. The inference is irresistible that claimant's sickness was due to the typhus germ transmitted by the bite of the flea from the infected rat. That the administration of the law by the courts should keep step with science and better serve humanity, and that the decree of the lower court should be reversed. These several potent reasons, we frankly concede, cannot be reasonably dismissed with a mere gesture.

An examination of the cases cited by counsel where mountain fever, small pox, dysentery and other diseases are transmitted can or may be traced to a common source and actual infection as shown by the wood tick. The bite was free from conjecture or was established by trustworthy testimony. If the claimant in this case could have testified that a flea bit him, then his case would be on all fours with the cited cases. Our holdings certainly must rest on creditable testimony which places in operation the mandates of the statutes. We fail to find error in the record.

Affirmed.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.

