DUVAL ENGINEERING & CONTRACTING COMPANY, a corporation, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, a corporation, Carrier, v. MRS. ELIZABETH JOHNSON, widow, and ELIZABETH ADAMS JOHNSON, a minor, THOMAS LEE JOHNSON, JR., a minor, and FLORIDA INDUSTRIAL COMMISSION.

16 So. (2nd) 290                                    January Term, 1944
January 14, 1944                                         Division A

*Osborne, Copp & Markham* and *J. Henson Markham,* for appellants.

*Wendell C. Heaton,* for appellees.

CHAPMAN, J.:

This is a Workmen's Compensation case. The deceased, Lee Johnson, an employee of the Duval Engineering & Contracting Company was assigned the duty to superintend for his employer the construction or repair of the state highway leading east from Lake City in the direction of Jacksonville. On Sunday afternoon, November 12, 1939, the deceased was driving an automobile on the highway west from Jacksonville to Lake City and lost control of his automobile; the car left the highway, catapulted, and Lee Johnson, the deceased, sustained injuries later resulting in his death.

We fail to find sufficient evidence in the record to establish intoxication on the part of the deceased on Sunday afternoon, November 12, 1939, at the time of the accident in which he sustained injuries later resulting in his death. It

is true that the attending physician testified as to the odor of liquor on the breath of the deceased which he observed some time after the accident and prior to his death. The automobile in which the deceased was riding left the highway a few miles east of Lake City, and, incidentally, on that part of the highway on which the deceased was employed and was repairing for his employer.

The Duval Engineering & Contracting Company, for many years prior to November, 1939, pursuant to an established custom, entertained its customers, friends and acquaintances annually at Jacksonville, Florida. On those occasions the several superintendents working for the company would be called into Jacksonville to assist in these affairs. Theoretically, the purpose for these entertainments was to extend the influence and good will of the engineering company. The social functions consisted of drinks, foot ball games, dances and other forms of entertainment. The expense thereof was borne by the engineering company and the several superintendents could obtain money at the office for this purpose, when an accounting for the expenditure was not required.

The deceased arrived in Jacksonville on Friday afternoon, November 10, 1939, and reporting at the office obtained $20.00. He attended a football game with some personal friends and obtained lodging at a boarding house, where a few social drinks were consumed by the deceased and his personal friends. It was not shown that the deceased on this occasion assisted in the entertainment by the engineering company of its customers, friends and acquaintances.

The deceased left Jacksonville on Sunday afternoon for the purpose of returning either to Lake City where he was engaged in work, or Jasper where his family was located. It is not contended that the construction work was being carried on on Sunday afternoon, November 12, 1939, when the accident occurred, but that the work would be resumed, we infer, on the following morning, Monday, under the supervision and direction of the deceased in behalf of his employer engineering company.

The trial court, in its opinion holding that the death of

the employee resulted in or arose out of and in the course of his employment, relied upon the following principle of law referred to by this Court in the case of Bituminous Casualty Corp. v. Richardson, 148 Fla. 323, 4 So. (2nd) 378, viz: "The courts are almost unanimous in holding that when an employee is injured after he has finished his private errand and while he is within the process of returning to the place where he is to continue to perform his services as an employee, the injury is held to arise out of and in the course of the employment." While the cited principle relied upon by the lower court was discussed in the case *supra,* and many authorities cited in the opinion, the rule was not adopted, as evidenced by the language following the citation, viz: "While the authorities above cited support the rule as stated, we do not adopt such rule but adhere to the rule established in Fidelity & Guaranty Co. v. Moore, 143 Fla. 103, 196 So. 495, and in Sweat v. Allen, 145 Fla. 733, 200 So. 348."

We adhere to the rule enunciated in Fidelity & Guaranty Co. v. Moore and Sweat v. Allen, *supra.* See Sears, Roebuck & Co. v. Pixler, 140 Fla. 677, 192 So. 617; Cone Bros. Construction Co. v. Massey, 145 Fla. 56, 198 So. 802; Sims Tire Service, Inc., v. Parker, 146 Fla. 23, 200 So. 524; Stone-Brady, Inc. v. Heim, 152 Fla. 710, 12 So. (2nd) 888; Briggs v. Tripure Products Co., 152 Fla. 749, 13 So. (2nd) 152. A perfected appeal from the Industrial Commission to the circuit court under the statute confers jurisdiction for the first time in the judicial department of the State government, i.e. it is then regarded as having originated in the circuit court and becomes for the first time a judicial case. See South Atlantic Steamship Co. v. Tutson, 139 Fla. 405, 190 So. 675.

When appeals in Workmen's Compensation cases have been perfected from the circuit court to the Supreme Court, it becomes the duty of the Supreme Court of Florida to give the findings of fact by the circuit court that degree of consideration, force and effect which the Supreme Court gives to the findings of a chancellor in an ordinary chancery case, which means that if the circuit court has acted upon the record as made by the Industrial Commission, great weight will be given to the findings of the circuit court. See Dixie

Laundry v. Wentzell, 145 Fla. 569, 200 So. 860; City of St. Petersburg v. Mosedale, 146 Fla. 784, 1 So. (2nd) 878.

It is our conclusion, after a careful study of the record and the applicable law, that the death of the deceased did not arise out of and in the course of his employment, but on the other hand, occurred at a time when the employee was engaged in the pursuit of his own private and personal affairs. It follows that the award of the circuit court must be and the same is hereby reversed for further proceedings not inconsistent with this opinion.

It is so ordered.

BUFORD, TERRELL and ADAMS, JJ., concur.