Proceeding under the Workmen's Compensation Act by Eric Frady, claimant, opposed by the DeLuxe Laundry Dry Cleaners, employer, and the Great American Indemnity Company, insurance carrier. From an order affirming an award of compensation by the Florida Industrial Commission, the employer and insurance carrier appeal.
Reversed.
The question here is purely one of fact, whether the claimant, Eric Frady, was, when injured, an employee or an independent contractor. In judging the correctness of the chancellor's order affirming the full commission, after that body had approved the decision of the deputy commissioner, we shall bear in mind our opinion in Gentile Bros. Co. v. Florida Industrial Commission,151 Fla. 857, 10 So.2d 568, where we defined an independent contractor as one following an individual employment and representing his employer as to the results of the work but not as to the means by which the results are accomplished. See also Baya's Bar Grill et al. v. Alcorn et al., Fla., 40 So.2d 468. We shall also circumscribe our consideration, in view of the opinions of this court in Stone-Brady, Inc., v. Heim, *Page 780 152 Fla. 710, 12 So.2d 888, and Heller Bros. Packing Co. v. Lewis,155 Fla. 430, 20 So.2d 385, dealing with the weight which should be given the decisions of commission and chancellor in a case like this. See also Harmon v. Harmon, Fla. 1949, 40 So.2d 209.
The claimant applied to DeLuxe Laundry and Dry Cleaners for a position known in the business as "bob-tail driver." He was assigned a certain territory, where he could solicit laundry and dry cleaning and could build up trade by securing new customers and, presumably, by pleasing old ones. He used a truck owned by him, on which appeared the name and telephone number of the laundry, painted there at his expense. Parenthetically, this was a matter of choice with Frady, and many in his same situation used trucks bearing their individual names. He paid for his occupational license and the license for the truck; he bore the expenses for gasoline and oil used in his work.
Evidently insurance on the truck was carried by the laundry, which also furnished him business cards, laundry slips, and the like. After the plaintiff was injured and his truck damaged in a collision that occurred while he was engaged in his business, the laundry paid for the repairs to the vehicle.
So, expenses incurred in the business were, in the main, met by the claimant, and it would appear that the repair of the truck at the expense of the company was gratuitous.
When laundry and clothes were delivered to the company's plant the claimant was charged for processing them at the rate the customer would pay, less a certain commission which represented his compensation. Saturday of each week he would be given a statement of the amount he owed for laundry and clothes brought to the plant during the preceding week, and on the following Monday he would pay the balance shown to be due. As he returned the laundry and clothes to the customers from whom he had obtained them he would collect the charge to them for the service. In short, according to his own testimony, the difference between the wholesale price to him and the retail price to them represented his profit. He kept on deposit with the company the sum of $100 to insure the payment by him of amounts owing from time to time for laundering, dry cleaning, and pressing. Although he was restricted to a certain area, he roamed it at will and chose his own hours and methods of serving the common patrons.
Thus far we have given what we believe to be a fair analysis of the arrangement as it was described by the claimant, excepting the evidence, apparently uncontradicted, with reference to the election as to what wording should appear on the truck.
Two witnesses testified for the appellants. The answers of one of them were thought by the deputy commissioner to be so evasive as to be entitled to little credence. Even if this witness be considered discredited and his testimony be disregarded, we think there is abundant proof, uncontradicted in essential details, that the claimant and the company had entered into a contract that the former would have exclusive right to collect clothes within a designated district and secure their processing at the plant of the latter at the wholesale price; that the claimant was free of any control on the part of the laundry company as to the manner of making collections of clothes and laundry for processing or of money due by customers or as to the manner of soliciting business; that his profit amounted to the difference between the wholesale price he paid and the retail price he collected; and that he was responsible for the cost of the work from time to time done whether a patron paid for it or not.
Such an arrangement, in our opinion, constituted the claimant an independent contractor and not an employee of the laundry company, and we think in reaching such a conclusion in this case we have done so without disturbing the presumption we should observe in accordance with the pronouncements of the cases cited at the outset.
Reversed.
ADAMS, C.J., and TERRELL, SEBRING and HOBSON, JJ., concur.
CHAPMAN and BARNS, JJ., dissent. *Page 781