Mr. William J. Neal Chief of Police City of Deerfield Beach 300 N.E. 2nd Street Deerfield Beach, Florida 33441
Dear Chief Neal:
This is in response to your request for an opinion on substantially the following question:
 ARE AUTOMOBILES OWNED BY A MOTOR VEHICLE DISTRIBUTOR WHICH ARE BEING USED ON THE STREETS AND ROADS BY THE OFFICERS AND EMPLOYEES OF THE EXECUTIVE OFFICES OF THE DISTRIBUTOR PRIOR TO THEIR SALE TO A DEALER EXEMPT FROM THE REGISTRATION REQUIREMENTS CONTAINED IN CH. 320, F.S.?
You state that the officers and employees of the executive offices of a large motor vehicle distributor located in your city operate the vehicles of the distributor upon the highways and streets of the county for approximately 4,000 miles before the vehicles are sold to a dealer who sells them to the ultimate purchasers. You inquire as to whether recent legislation passed by the 1983 Legislature would exempt the distributor and such motor vehicles from the provisions in Ch. 320, F.S., relative to registration and the display of license number plates.
With certain exceptions, all motor vehicles operating on the roads of this state are required to be registered. See generally, s320.02, F.S., as amended by s 1, Ch. 83-200, s 6, Ch. 83-298, and s 4, Ch. 83-318, Laws of Florida, which provides in pertinent part that "[e]xcept as otherwise provided in this chapter, every owner or person in charge of a motor vehicle which is operated or driven on the roads of this state shall register the vehicle in this state." And see, s 316.605, F.S., which states that every vehicle at all times while driven, stopped or parked upon the roads or streets of this state shall be licensed in the name of the owner thereof in accordance with the laws of this state unless the vehicle is not required by such laws to be licensed in this state; in addition such vehicles, unless otherwise provided by statute, shall display the license plates assigned to it by the state securely fastened and plainly visible.
In 1983, the Legislature created s 320.371, F.S. 1983 (s 50, Ch. 83-318, Laws of Florida), which exempts certain distributors and others from the registration requirements set forth in Ch. 320. The statute provides:
 The provisions of this chapter which relate to registration and display of license number plates do not apply to any new automobile or truck, the equitable or legal title to which is vested in a manufacturer, distributor, importer, or exporter and which has never been transferred to an ultimate purchaser, if the vehicle is in the care, custody, and control of a vehicle servicing, processing, and handling agency or organization for the performance of such services and the export of such vehicle from the state or its distribution in the state, provided such agency or organization conspicuously displays on the vehicle its name and address on a temporary 5-inch by 12-inch sign that includes the legend "has custody of this vehicle." Nothing in this section may be construed to relieve such vehicle servicing, processing, and handling agency or organization which has such custody and control of such vehicle from complying with and abiding by all other applicable laws, rules, and regulations relating to safety of operation of motor vehicles and the preservation of the highways of this state.
Thus s 320.371 exempts new automobiles or trucks from the registration and license plate display requirements under the following conditions: 1) equitable or legal title of such vehicles is vested in a manufacturer, distributor, importer or exporter, 2) the vehicles have never been transferred to an ultimate purchaser, and 3) the vehicles are in the care, custody and control of a vehicle servicing, processing and handling agency or organization for the purpose of servicing and processing such vehicles.
While it appears from the facts presented in your letter that the first two conditions are met, i.e., a distributor is the owner of the vehicles in question which have not been transferred to an ultimate purchaser, it does not appear that the third condition has been satisfied. In order to qualify for the exemption, the vehicles must be in the custody of a vehicle servicing, processing and handling agency for the purposes of performing these services — servicing, processing and handling of the motor vehicle. I cannot say that the control and use of such vehicles by the officers and employees of the executive offices of a large distributor on the roadways of this state for some 4,000 miles constitutes the control of such vehicles by a servicing, processing and handling agency for the purpose of servicing, processing and handling such vehicles for distribution to a dealer. Cf., State v. Nourse, 340 So.2d 966 (3 D.C.A.Fla., 1976) (any ambiguity in an exception statute is normally construed in manner restricting use of the exception); Ocasio v. Bureau of Crimes Compensation Division of Workers' Compensation,408 So.2d 751 (3 D.C.A.Fla., 1982) (legislative intent is best expressed by and its implementation must be limited to precise exclusion set forth in statute itself).
An examination of the legislative history surrounding the adoption of an exemption from the registration requirements for certain manufacturers and others supports such an interpretation. Cf., Forehand v. Manly, 2 So.2d 864 (Fla. 1941) (legislative history of act may be examined for purposes of ascertaining and applying legislative intent); Smith v. Ryan, 39 So.2d 281 (Fla. 1949); McDonald v. Roland, 65 So.2d 12 (Fla. 1953); Utica Mutual Insurance Co. v. Jones, 408 So.2d 769 (2 D.C.A.Fla., 1982) (in construing statute, court should consider its history, evil to be corrected, intent of legislature, subject regulated and object to be obtained); Speights v. State, 414 So.2d 574 (1 D.C.A.Fla., 1982). Chapter 83-318, Laws of Florida (SB 14-B) was adopted during the special "B" session of the 1983 Legislature (June 15-June 24, 1983).
While my research failed to reveal any specific reference to s 50, Ch. 83-318 during the bill's consideration during the special session, my examination of the legislative history of SB 14-B indicates that a substantially identical bill to SB 14-B, CS for SB 34 was considered during the regular session of the 1983 Legislature. CS for SB 34 passed the Senate favorably but died in the House of Representatives. See, 1983 Journal of the Senate, May 25, 1983, p. 391; Journal of the House of Representatives, p. 1249. During consideration of SB 34 by the Senate Finance, Taxation and Claims Committee, an amendment was introduced and adopted by the committee which added a provision identical to the language presently contained in s 50, Ch. 83-318, Laws of Florida (s 320.371, F.S. 1983) in order to permit the taking of new vehicles on public highways from the dock where such vehicles are unloaded down to the preparation lot generally located a short distance down the street where the vehicles are prepared for delivery to dealers. See, Tapes #2 and #3, Senate Finance, Taxation and Claims Committee, April 14, 1983. As previously stated, CS for SB 34 died in the House during the 1983 regular legislative session; however, the Legislature, during the subsequent special session, introduced and adopted substantially the same bill numbered as SB 14-B.
Based upon the foregoing, it does not appear that the extensive use of new automobiles by the officers and employees of the executive offices of a motor vehicle distributor on the roads of this state falls within the terms of the exemption contained in s320.371, F.S. Accordingly, I am of the opinion, until and unless judicially or legislatively determined otherwise, that new motor vehicles which are being driven on the roads of this state for some 4,000 miles by the officers and employees of the executive offices of a distributor prior to their sale to a dealer are not exempt from the registration or license plate requirements contained in Ch. 320, F.S.
Sincerely,
Jim Smith
Attorney General Prepared by:
Joslyn Wilson Assistant Attorney General