WILSON CYPRESS COMPANY, STANDARD ACCIDENT INSURANCE COMPANY, and FLORIDA INDUSTRIAL COMMISSION v. NANCY MILLER.

26 So. (2nd) 441                                    January Term, 1946
May 24, 1946                                                 Division A

*Marks, Marks, Holt, Gray & Yates* and *Raymond E. Barnes,* and *Harry T. Gray,* for appellants.

*Edwards & Black,* for appellee.

ADAMS, J.:

John Miller was employed by Wilson Cypress Company to cut logs from the St. Johns River. The employer provided sleeping quarters in the form of a house-boat. Miller was sleeping in one when a fire occurred in which he lost his life. At the time of the fire the house-boat was anchored in the edge of the river on the Lake County side.

Miller's widow filed a claim for compensation and the deputy commissioner made an award. The full commission approved the deputy commissioner's finding in so far as he determined that Miller was injured within the course of his employment, but reversed his findings to the effect that the widow was a dependent. On appeal to the circuit court the full commission was reversed and the order of the deputy commissioner was approved. The full commission misinterpreted our opinion in Tigertail Quarries v. Ward, 154 Fla. 122, 16 So. (2nd) 812.

The distinction between this case and the Tigertail Quarries case is that in the Tigertail case the wife was living separately from her husband, through her own volition, and for that reason was not entitled to support. Here it is different. It is true that this wife had not been supported by her husband for many years, however there existed no reason to indicate that she was not entitled to support from him. The fact that her husband neglected her, or because she elected to support herself, did not forfeit her right to have his support. She was entitled to support from him and that is the test. Johnson v. Midland Constructors, Inc., 152 Fla. 289, 11 So. (2nd) 895, rules on this question.

The employer has urged, without avail, through each step of this case that Miller was not injured within the course of his employment. The law is well settled to the effect that when the contract of employment contemplates that the employee shall sleep on the employer's premises, as an incident to the employment, and is injured while not engaged on a purely personal mission, the injury is compensable. See Campbell, on Workmen's Compensation, Vol. 1, page 188; Nick Guiliano v. Daniel O'Connell's Sons, 105 Conn. 695, 136

Atl. 677; John H. Kaiser v. Industrial Commission, 181 Wis. 512, 195 N.W. 329; McNichol's (dependents') Case, 215 Mass. 497, 102 N.E.. 697; Myers v. Louisiana Ry. & Nav. Co., 140 La. 937, 74 So. 256.

In this case Miller was not required to sleep on the house-boat. He could have held the job without sleeping there. The employer furnished the house-boat, without cost to the employees, for the obvious purpose of furthering his business. It cannot be argued seriously that the employer did not contemplate the use of the boat to sleep his employees. The case cames within the well known bunk-house rule.

Finally, it is claimed that the circuit court of Volusia County had no jurisdiction because the injury occurred in Lake County, which was within the jurisdiction of the circuit court of Lake County. Sec. 440.27, F.S. '41, F.S.A., reads:

"(3) . . . the compensation order or award of the full commission may be appealed by any party in interest to the circuit court in the circuit where the injury occurred . . . "

At this point the St. Johns River is a navigable stream. The county line followed the thread of the river and the injury occurred on the Lake County side of the line. The lower court held it had concurrent jurisdiction over the cause with the circuit court of Lake County by virtue of Sec. 46.06, F. S. '41, F.S.A.:

"Whenever the territorial jurisdiction of any court in any county shall extend to one bank of any navigable water, such court shall have jurisdiction across such navigable water from shore to shore; and if the territorial jurisdiction of different courts, whether of the same county or not, extend to the opposite banks of any navigable water, such courts shall have concurrent jurisdiction across said navigable water from shore to shore."

We find no error in this ruling. The awkwardly worded statute relating to appeal surely contemplated that an appeal would lie to the circuit court having jurisdiction of the cause.

Finding no error in the judgment, the same is affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.