87 So.2d 507 (1956)
Irma E. BLOUNT, Claimant, Widow of Dan J. Blount, Deceased, Employee, Petitioner,
v.
STATE ROAD DEPARTMENT of Florida and Florida Industrial Commission, Respondents.
Supreme Court of Florida. En Banc.
March 2, 1956.
On Rehearing May 18, 1956.
*508 Thompson, McDonald & Moran, Tampa, for petitioner.
*509 E.P. Barber, Jacksonville, for respondent State Road Department.
Burnis T. Coleman and Rodney Durrance, Tallahassee, for respondent Florida Industrial Commission.
DREW, Chief Justice.
The facts in this workmen's compensation case are not disputed.
Dan J. Blount, the deceased employee of the State Road Department, was classified as a maintenance engineer by the Department. He had supervision of maintenance in several counties in the vicinity of Tampa. His salary was $500 per month; he had no specific hours of work but was on call twenty-four hours per day. He had a right to use, and did use from time to time, various motor vehicles of the State Road Department located at the Department's maintenance yard at Tampa. He was the custodian of all of the four counties that he covered according to the testimony of his immediate superior and he was responsible twenty-four hours in each day for any emergency that might come up as to wrecks or broken glass on the road, dead cows, washed out bridges and things of that nature.
On the day of the fatal accident, he returned to the base of his operations in Tampa about 5:30 in the afternoon. He worked at his desk until about 9:00 o'clock that evening. He then got in a pick-up truck and started toward his home by the most direct and convenient route. Shortly thereafter, he was killed in an accident between the vehicle he was driving and another vehicle.
Claim was duly filed and hearings conducted before the Deputy Commissioner where the above evidence was produced, none of which was controverted and all of which is admitted by the respective parties to this appeal to be without conflict. The Deputy Commissioner denied compensation finding and holding:
"4. That on November 18, 1954, in Hillsborough County, Florida, the employee Dan J. Blount was killed in a collision between a pick-up truck, the property of the State Road Department of Florida, which he was driving, and a motor bus.
"5. That at the time of the accident, the decedent was an employee of the State Road Department of Florida, classified as a maintenance engineer, having supervision of maintenance in several counties in this vicinity; that his salary was $500.00 per month; that the employer furnished transportation; that the employee had no specific hours of work, but was on call at all times.
"6. That at the time the accident occurred, the decedent was on his way home, having completed his duties for the time, and was not traveling in answer to any specific call or assignment; that the accident cannot be said to have been `in the course of the employment' as required by the Florida Workmen's Compensation Act, and is therefore not compensable."
We are of the view that the Deputy Commissioner misconceived the legal effect of the evidence and that the Full Commission erred in approving the order of the Deputy Commissioner.
A person injured while going to and coming from work as a general rule is not protected by the provisions of the Workmen's Compensation Act, F.S.A. § 440.01 et seq. This is commonly referred to in the books as the "going and coming" rule. To this rule, however, there are many exceptions. Obviously, in those cases where the journey to and from work is a part of the service of the employee to the employer, the employee is protected by the provisions of such act. Larson's Workmen's Compensation Laws, Volume 1, paragraph 16, page 222. The exception to this rule is more commonly applied to injuries sustained by traveling salesmen but is not limited to such class. Other types of work may well fall within the exception, the test being primarily one of fact.
Another exception to the "going and coming" rule is where the journey is made *510 in the employer's conveyance, the basic reason being that the risks of the employment continue throughout the journey. See Larson's Workmen's Compensation Laws, Volume 1, paragraphs 17, 17.10, page 233; 58 Am.Jur. Workmen's Compensation, paragraphs 217, 218. Whether the exception just announced which protects the workman in his journey to or from work when made in the employer's conveyance is broad enough to cover a situation such as that with which we are here involved where the conveyance was furnished by the employer but driven by the employee, the Supreme Court of the United States in Cardillo v. Liberty Mut. Ins. Co., 1946, 330 U.S. 469, 67 S.Ct. 801, 809, 91 L.Ed. 1028, held that in either case the result was the same. There it was held that whether the employer supplies the vehicle, hires it of an independent contractor, makes arrangements with a common carrier or reimburses his employee for the use thereof is immaterial. The Court summarized its view by stating:
"In other words, where the employer has promised to provide transportation to and from work, the compensability of the injury is in no way dependent upon the method of travel which is employed. From the statutory standpoint, the employer is free to carry out its transportation obligation in any way the parties desire; and the rights of the employees to compensation are unaffected by the choice made."
As to whether an agreement existed to furnish the transportation to Blount and whether the service of going to work and returning from it was within the scope of his employment and covered by the Act, this Court in Bowen v. Keen, 154 Fla. 161, 17 So.2d 706, 709, adopted with approval the language of the Supreme Court of the United States in Voehl v. Indemnity Ins. Co., 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245, viz.:
"While service on regular hours at a stated place generally begins at that place, there is always room for agreement by which the service may be taken to begin earlier or elsewhere. Service in extra hours or on special errands has an element of distinction which the employer may recognize by agreeing that such service shall commence when the employee leaves his home on the duty assigned to him and shall continue until his return. An agreement to that effect may be either express or be shown by the course of business. In such case the hazards of the journey may properly be regarded as hazards of the service, and hence within the purview of the Compensation Act." (Emphasis added.)
In the instant case the established facts concerning which there is no controversy, are sufficient to show that going and coming from work under the circumstances shown in this record was within the scope of the employment and covered by the terms of the act. The employee was required to answer any call from his superior twenty-four hours of the day. The very nature of his duties required him to go to and from all sorts of situations within the realm of his authority. The proper performance of his duties would require that transportation suitable to the trip should be immediately available in the event of emergency calls. Clearly, under such circumstances, the employee in this case was acting within the scope of his employment and in the furtherance of his master's business when the fatal accident occurred.
This Court held similar employment to be an exception to the "going and coming" rule in Sweat v. Allen, 145 Fla. 733, 200 So. 348, 349. There we were dealing with a deputy sheriff, performing the functions of a jailer with specific hours of employment but subject to call at all other hours. He was injured while walking on the public street from his home to the bus line shortly after 6:00 o'clock in the morning, about an hour before the commencement of his regular hours of work but when he was on the way to begin the performance of his regular duties. In disposing of the contention that the jailer was not protected by the provisions of the act, we said:

*511 "By the nature of his employment, the claimant, a deputy sheriff, was subject to being called to duty at any hour of the day or night by notification from one of his fellow employees or the sheriff, his employer, for which he was paid a straight salary per month regardless of the number of hours he worked. Under his contract, it was shown that his employer could assign him to any task in the line of law enforcement at his pleasure.
* * * * * *
"The case at bar is not that of an ordinary workman going to work; for by the very nature of the service the claimant performed, he was continuously intrusted with certain duties, namely, to protect the peace and safety of the community and apprehend those guilty of its violation. His personal life was subservient at all times to call of official service; he was, so to speak, on guard twenty-four hours a day, with no increase in salary in proportion to the time devoted. This high duty of the office rested upon the claimant and was a part of his employment notwithstanding the fact that he was immediately assigned as the jailer, for the word `employment', as used in the Workmen's Compensation Act, refers to the whole period of time or sphere of activities, regardless of whether the employee is actually engaged in doing the thing he was employed to do. Wirta v. North Butte Mining Co., 64 Mont. 279, 210 P. 332, 30 A.L.R. 964.
"As shown by the record, the claimant's employment did require him to be upon the street upon occasion. And while he was not there in response to an order on the morning of his injury, he was within his employment for he was still charged with a duty or task connected therewith. We do not believe it would be denied or controverted that the injury arose out of and in the course of claimant's employment had he on that occasion been attempting to arrest a drunken driver and been run down. Yet, there is the same `causal connection' of the employment to the injury between the facts in the illustration and those in the case at bar.
"To us, the conclusion that claimant's injury arose out of and in the course of his employment is inescapable, and is sustained in other jurisdictions. In the case of Mayor and Aldermen of Town of Tullahoma v. Ward, 173 Tenn. 91, 114 S.W.2d 804, compensation was awarded to the widow of a policeman whose hours of patrol duty were from noon to midnight, and who was struck by a car while on his way home shortly after midnight. And, it was held that the death of a policeman, assigned primarily to guard a particular colliery, was compensable although the fatal injury occurred in a motor car collision while deceased was on his way home after completing his regular assignment. Healey v. Hudson Coal Co., 130 Pa. Super. 462, 198 A. 684."
See also Povia Bros. Farms v. Velez, 1954, Fla., 74 So.2d 103.
In Bowen v. Keen, supra, we recognized another exception to the "going and coming" rule in the instance of an employee of a grain company who had no fixed hours of employment and who was injured while walking down a public highway from his home on his way to his place of employment.
Certiorari is granted, the order of the Full Commission and the order of the Deputy Commissioner are quashed with directions to enter an order allowing compensation in accordance with the provisions of the Act.
TERRELL, HOBSON, ROBERTS, THORNAL and O'CONNELL, JJ., concur.
THOMAS, J., dissents.

*512 On Rehearing Granted
DREW, Chief Justice.
At the hearing before the Deputy Commissioner the claim of Mrs. Irma E. Blount, the widow of Dan J. Blount, for compensation was controverted by the State Road Department on three grounds, viz.:
a. The alleged accident resulting in the death of the deceased employee did not arise out of and in the course of his employment with the State Road Department of Florida.
b. The death of the employee, Dan J. Blount, was occasioned primarily by the intoxication of the employee at the time of the alleged accident.
c. The death of the employee was occasioned by his wilful refusal to observe a safety rule as required by Statute.
While substantial evidence appears in the record relating to all three of the above issues, the Deputy Commissioner, contrary to the rule which we laid down in Hardy v. City of Tarpon Springs, Fla., 81 So.2d 503, failed to make adequate findings of fact, concluding "that the first ground of controversy (that the death did not arise out of and in the course of deceased's employment) being upheld it is unnecessary to consider the other two grounds offered by the employer."
The Road Department in its petition for rehearing argues that inasmuch as defenses b and c above have never been passed upon by the Deputy Commissioner, the cause should be remanded to the Deputy for a decision on these specific points.
This case presents a situation which clearly demonstrates why adequate, full and complete findings of fact by the Deputy Commissioner on every controverted issue is essential to a speedy and orderly review of these workmen's compensation cases. Cf. Hardy v. City of Tarpon Springs, supra; Ball v. Mann, Fla. 1954, 75 So.2d 758. Unreasonable and unjustifiable delays in the administration of justice in criminal and civil cases are condemned in section IV of the Declaration of Rights of the Florida Constitution, F.S.A. This section of the Constitution is particularly applicable to compensation cases. The act is designed to afford a speedy and summary disposition of claims and we know the working man ordinarily cannot afford to wait indefinitely to receive compensation for himself and his family when he has been injured and forced to quit work. Nor is it usual to find a working man's widow who is financially able to take care of herself and her children for an indefinite period of time while the question of compensation is being decided.
This case must now be remanded to the Deputy Commissioner and will in all probability follow the tortuous and slow path back through the Full Commission and back to this Court before it can be finally disposed of. We repeat that all of this time and expense could have been avoided had the Deputy Commissioner performed his full duty according to the rules laid down by the Legislature in Section 440.25(3) (c) and this Court in the cited cases.
The opinion of March 2 is adhered to on rehearing. The judgment, however, is vacated and the cause is hereby remanded to the Deputy Commissioner with directions to make findings of fact on the additional points in controversy and for further proceedings in accordance with the views herein expressed.
The order allowing attorneys' fees is vacated.
TERRELL, HOBSON, ROBERTS, THORNAL and O'CONNELL, JJ., concur.
THOMAS, J., dissents.
THOMAS, Justice (dissenting).
It is my opinion that the petition for certiorari should be denied.