DREW, Justice.
This case requires the application of undisputed concrete facts to the general language of the Workmen’s Compensation Act, to determine if the particular injury is compensable as “arising out of and in the course of employment.” Section 440.09 (1), Florida Statutes 1955, F.S.A. The test is the relationship of an event to an employment.
The employee of the funeral parlor was struck by an automobile as he was in the process of crossing a street which separated his office-home from the restaurant where h'e proposed to eat. The terms of his employment required him to be on 24 hour call, but did not require his presence at the place of business at all times. The deputy commissioner found "at the time of the accident claimant was not crossing the street in response to a call nor was he under the direction of his employer. His duties for the day had been completed and he was free to go where he pleased as long as he left word at the funeral home of his whereabouts.” (Emphasis added) Nevertheless1 the deputy commissioner held that the injuries sustained in the accident were com-pensable and his .order was affirmed by the full commission. The carrier has petitioned for a writ of certiorari to review the latter order.
We have never held, or intimated, that 24 hour call duty afforded a blanket of coverage to an employee without regard to his activity at the time of injury. See Fidelity & Casualty Co. of New York v. Moore, 1940, 143 Fla. 103, 196 So. 495. In that case we held:
“There is no dispute about the essential facts. It is admitted that Moore was an officer and an employee of Lee Motors of Fort Myers, Inc., that said company maintained a twenty-four hours service, and that the deceased was subject to call at any time, that on the evening he was killed he was at his place of business and went in his own car to carry his wife home and was killed while returning to his place of business in the manner stated.
“The cases generally hold that for an injury to arise out of and in the course of one’s employment, there must be some causal connection between the injury and the employment or it must have had its origin in some risk incident to or connected with the employment or that it flowed from it as a natural consequence. Another definition widely approved is that the injury must occur within the period of the employment, at a place where the . employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it.
“When the accident which resulted in Moore’s death took place, he was on a mission purely personal to himself and wife and had no connection whatever with his employment; it did not flow from nor was it in any way incident to his employment.” 143 Fla. 103, 105, 196 So. 495, 496.
In Hi-Acres, Inc., v. Pierce, Fla.1954, 73 So.2d 49 the court made the statement: “There is material difference between being on duty twenty-four hours a day and being subject to call twenty-four hours per *377 day. Even though the employee may have heen subject to call, after hours, to perform some special mission, he is not on duty unless it is shown that he had been called, after hours, to perform some special duty and had responded to such call.”
Claimant relies heavily on the following cases to sustain his award: Blount v. State Road Department, Fla.1956, 87 So.2d 507; Sweat v. Allen, 1941, 145 Fla. 733, 200 So. 348; Naranja Rock Co. v. Dawal Farms, Fla.1954, 74 So.2d 282; Bowen v. Keen, 1944, 154 Fla. 161, 17 So.2d 706; and Wilson Cypress Co. v. Miller, 1946, 157 Fla. 459, 26 So.2d 441.
In the Blount case, supra, we allowed compensation to a road department worker who was injured in an automobile accident which occurred when he was driving a road department vehicle home from his office. The pivotal point of the case was that the employer furnished the vehicle and required the employee to perform his duties of eliminating dangerous conditions involving the highways whenever he was called, or whenever the situation presented itself in his course of travel on his section of th'e highway system. Because of the close analogy between the duties of Mr. Blount and those of the police officer in Sweat v. Allen, supra, excerpts from the Sweat case were extensively quoted in the Blount case. In Sweat v. Allen a police officer was compensated for injuries resulting from a car striking him as he was enroute to catch a bus on the way to work. There we said, “As shown by the record, the claimant’s employment did require him to be upon the street upon occasion. And while he was not there in response to an order on the morning of his injury, he was within his employment for he was still charged with a duty or task connected therewith.” 145 Fla. 733, 738, 200 So. 348, 350. The turning point in Naranja Rock Co. v. Dawal Farms, supra, becomes readily apparent by reviewing a portion of the opinion which distinguished a number of cases, including Fidelity & Casualty Co. of New York v. Moore, supra. In the Naranja case we observed, inter alia, “None of these cases is applicable here because none involved an injury to a claimant occurring by reason of a special hazard on a route used as means of ingress and egress to the employer’s premises.” 74 So.2d 282, 287. A young boy’s dependants were allowed compensation in Bowen v. Keen, supra, where he was killed by an automobile as he was walking to work because, “the deceased had no fixed or regular hours of work and was really subject to call; that while he usually went to his work about 8 A.M., he was, at the time he was killed, carrying out the orders of his employer, in furtherance of a mission in his employer’s interest, which orders required him to leave his home at a much earlier hour than usual, and that when he was accidentally run over and killed he was actually engaged in his employer’s business.” 154 Fla. 161, 173, 17 So.2d 706, 712. The Wilson Cypress Co. case, supra, involves the “bunk-house rule” which has no application where the injury does not take place on the employer’s premises.
Not one of the distinguishing features of the cases reviewed immediately above appears in the present case. If we were to extend the blanket of coverage to the facts in this case, the outer limits of coverage would resolve into a vague and indistinct line encompassing a veritable sea of uncertainty. We are not authorized— under the plain provisions of the act — to extend it beyond the limits prescribed in Fidelity & Casualty Co. of New York v. Moore, supra.
Certiorari is granted and the questioned order quashed.
TERRELL, C. J., and ROBERTS and THORNAL, JJ., concur.