TERRELL, Justice
(dissenting).
This is a petition for certiorari to review an order of the Florida Industrial Commission reversing a compensation order of the Deputy Commissioner and dismissing the petitioner’s claim.
The Deputy Commissioner made the following findings of fact:
“2. That the claimant filed a claim for all compensation benefits under the *475 Workmen’s Compensation Act of Florida [F.S.A. § 440.01 et seq.], alleging essentially that he received an injury by accident arising out of and in the ■course and scope of his employment ■on August 21, 1958, while employed as ■a detective sergeant with the City of Miami Police Department. The employer controverted the claimant’s •claim alleging essentially that the claimant had not sustained an injury by accident arising out of and in the course and scope of the claimant’s employment with the said employer.
“3. That on the date of the within accident the claimant was the assistant supervisor for the Records and Identification Bureau of the Police Department of the City of Miami and was temporarily acting as head of that department because the head supervisor, Robert Volmer, was on vacation. As temporary head of this department the claimant was furnished with a City-■owned vehicle and was subject to call twenty-four hours a day; that it was the custom and practice for department Reads to keep their City-owned vehicles in their possession twenty-four Fours a day after said vehicles had been assigned to them, and the claimant, acting in such temporary capacity as aforementioned had such a vehicle assigned to him under said conditions.
“4. That on the day of the within accident the claimant had driven the City-owned vehicle assigned to him to the University of Miami in Coral Gables, Florida, for the purpose of attending a class at said University, for which the said claimant was enrolled; that after said class the claimant, while driving the City-owned vehicle, was involved in an automobile accident in the City of Coral Gables, Florida. At the time of the said accident the claimant was driving to his employer’s Police Station to conduct an inspection pursuant to a written order of the employer’s Police Chief.
“5. That there were only two witnesses who testified at the hearing on the captioned matter; to wit, the claimant and Chief You ell, who testified on behalf of the employer.
“6. That Chief Youell testified that the employer’s department heads, who were assigned City-owned vehicles as aforesaid and who were on twenty-four hours’ call, had no express permission to drive these vehicles outside the City limits of the City of Miami, but further testified that through custom and practice they did, and that by virtue of being on twenty-four hours’ call they must present themselves when called, regardless of where they were, and this was the reason the said department heads were furnished vehicles by the employer.
“7. That the undersigned Deputy Commissioner finds that the claimant received an injury by accident arising out of and in the course and scope of his employment with his said employer, in that the said claimant was on twenty-four hours a day call, and at the time of the within accident was returning to the employer’s police station pursuant to a written order of the employer’s police chief.”
On appeal to the full Commission, the following findings of fact were made and entered, on the basis of which it reversed the order of the Deputy Commissioner:
“We can find no authority for excluding the policemen from the ‘personal mission rule’ and by the same token, we are unable to locate authority which would extend the ‘employer’s vehicle rule’ to purely personal missions. Mr. Larsen, in his Treatise on Workmen’s Compensation Law, at Section 17.10, points out the reason for extending the scope of employment to travel in the employer’s vehicle. Mr. Larsen states, viz.:
“ ‘The simple justification for this holding is that the employer has him *476 self expanded the range of the employment and the attendant risks. He has, in a sense, sent the employee home on a small ambulatory portion of the premises * *
“Certainly the employer in the instant cause did not send the claimant on a personal mission to the University to attend classes nor did it call the entr-ployee to return to work following the conclusion of the University class. In the instant cause, the employee departed from the employer’s premises on a personal errand and then commenced to return to the original point of departure.” (Emphasis supplied.)
The full Commission concluded that this case comes within the rule pronounced in Fidelity & Casualty Co. of New York v. Moore, 1940, 143 Fla. 103, 196 So. 495, and N. & L. Auto Parts Co. v. Doman, Fla.App. 1959, 111 So.2d 270, to the effect that an employee who leaves the employer’s premises or employment to perform a personal errand is not entitled to compensation for an accident until such time as the employee returns to the point of departure.
It is first contended by petitioner that findings of. the full Commission, viz. (1) that claimant was authorized to use the city-owned vehicle to travel to and from work and (2) that the employee did not call claimant to return to work following conclusion of the University class, were in addition to and contrary to the findings of fact made by the Deputy Commissioner and were not authorized.
As to fact number one, if the full Commission meant to hold that the petitioner was authorized to use his vehicle in going only to and from work, this holding definitely is contrary to the findings of the Deputy. That there is ample evidence in the record to support the Deputy is demonstrated by the following pertinent excerpts from the testimony of Chief Youell:
“A. I do not think any of our supervisors can ever come to us and say we have told them to use a car for their own private purposes, to go shopping, to the show, to dinner, to the University or anything of that nature in a City vehicle. We have not authorized that, but by the same token, we have never had a written policy that says you may not do it. There would be a tremendous amount of don’t do’s, although we probably could and out of this we may have and nail it down and say flatly this car you will use to go only home and back. That we have not done. We always felt our supervisors had enough integrity to use the car along the lines which I have outlined.
******
“Q. In other words, there is no specific 9:00 to 5:00 hours? A. No. When I say he is in charge of the bureau it is his responsibility to operate that bureau around the clock. He has people working for him on the morning shifts, the afternoon shifts and the night shifts. If he-deems it necessary to come down at 3:00 o’clock in the morning to see how his bureau is running, we expect him to do so and we furnish him a car for that purpose.
* * * * * *
“A. He is responsible seven days a week around the clock for his particular unit.
******
“Q. Divorcing the City car from the question, assuming he was in his own car, would the same thing apply? A. It brings up a question which I frankly do not know how to answer. A supervisor such as his-job is a 24-hour-a-day thing. He practically makes his own decisions in regards to when he is needed at the station. We do not make them, that is his responsibility. If he deems he has to come back down there at 10:00 or 11:00' o’clock at night, we do not question him *477 about it. That is his own responsibility to do it.”
That it is the sole duty of the Deputy to make findings of fact and decide the credibility of witnesses is too elementary to discuss. It is also clear that neither the full Commission nor this court is authorized to substitute its findings for those of the Deputy where the latter are supported by competent substantial evidence. I agree with petitioner that the finding of the full Commission with reference to the scope of authorized use of the city-owned vehicle is contrary to that of the Deputy and that it is erroneous.
The majority of this court does not agree with the Deputy’s holding and insist that petitioner was restricted to use of the vehicle to and from his home. Thus, if he had gone home first instead of directly to the police station, and had been injured while enroute from his home to the station, he would have been covered by the Act. In the light of the facts developed in this case, the above construction is strained and I cannot agree. Petitioner was on twenty-four hour call and he was provided with a car so that there would never be any problem or delay in his transportation to the police station, either for emergency or routine matters. While I agree that we should not extend the scope of the act to such an extent that we impose absolute liability upon an employer, I do not feel that we should limit or contain liability by denying this petitioner’s claim for compensation on these facts. As stated by Chief Youell in his testimony, the solution to whatever problems may arise out of this case can and should be handled within the police department of Miami by tightening of the rules so that the scope of the authorized use of vehicles is made explicit and is communicated to the employees affected thereby.
In regard to fact number two, from reading the Deputy Commissioner’s order it is clear that he definitely found that at the time of the accident petitioner was returning to the police station to make an inspection pursuant to a written order of the police chief. This finding is supported by the uncontroverted testimony of petitioner and if believed by the Deputy Commissioner, it was a proper finding for him to make.
It has been suggested that the written order was simply general in nature and that without a specific call to come to the police station from the University, or wherever petitioner might have been, he was not within the scope of his employment when he left his class and started to the police station to check the men and equipment. It is insisted that he'could not have returned to the scope of his employment until he reached the physical premises of the station because of the deviation. I do not agree. The case of Sweat v. Allen, 1941, 145 Fla. 733, 200 So. 348, is closely analogous to the case at bar with respect to the necessity of a specific order or call to come to work. In that case, a deputy sheriff who was injured while walking from his home to a bus stop to catch the bus to work was allowed to recover, despite the usual rule that an employee is not covered by the act while going to and from work. The following observations were made, at page 350 of 200 So.:
“The case at bar is not that of an ordinary workman going to work; for by the very nature of the service the claimant performed, he was continuously intrusted with certain duties, namely, to protect the peace and safety of the community and apprehend those guilty of its violation. His personal life was subservient at all times to call of official service; he was, so to speak, on guard twenty-four hours a day, with no increase in salary in proportion to the time devoted. This high duty of the office rested upon the claimant and was a part of his employment notwithstanding the fact that he was immediately assigned as the jailer, for the word ‘employment’, as used in *478 the Workmen’s Compensation Act, refers to the whole period of time or sphere of activities, regardless of whether the employee is actually engaged in doing the thing he was employed to do. Wirta v. North Butte Mining Co., 64 Mont. 279, 210 P. 332, 30 A.L.R. 964.
“As shown by the record, the claimant’s employment did require him to be upon the street upon occasion. And while he was not there in response to an order on the morning of his injury, he was within his employment for he was still charged with a duty or task connected therewith. We do not believe it would be denied or controverted that the injury arose out of and in the course of claimant’s employment had he on that occasion been attempting to arrest a drunken driver and been run down. Yet, there is the same ‘causal connection’ of the employment to the injury between the facts in the illustration and those in the case at bar.” (Emphasis supplied.)
In that case we were able to overcome the rule that injuries sustained by employees when going to or returning from their regular place of work are not deemed to arise out of and in the course of their employment. I think the facts in this case make it equally necessary and proper to overcome the deviation from employment rule in the case at bar. See also Blount v. State Road Department, Fla.1956, 87 So.2d 507, and Alan Wright Funeral Homes Inc., v. Simpson, Fla.1957, 93 So.2d 375. I agree with the contention of petitioner that the cases explained in the Simpson opinion control the case at bar.
I have examined the cases cited by the full Commission in its order heretofore cited to sustain its position and I do not feel that either of them controls the case at bar. In the Moore case, where we denied compensation for the death of the claimant’s husband while returning to work after taking her home, the deceased was using his personal car and was not responding to a business call. We were careful to distinguish the case of Livers v. Graham Glass Co., 1931, 95 Ind.App. 358, 177 N.E. 359, 183 N.E. 688, relied upon by the claimant therein. However, with reference to the case before us, the Livers case is on all fours except for minor and inconsequential factual differences, and is extremely persuasive for the proposition that compensation should be allowed petitioner herein. As for the Doman case, it involved a traveling salesman and circumstances peculiar to that type of employment in determining whether or not there has been a deviation from what may be reasonably expected as incident to such employment and if so, when there was a return from such deviation. Under any circumstances, it does not control the case at bar.
The petitioner was a detective on the Miami police force; his supervisory duties required him to be on twenty-four hour call; his hours were irregular; he had written orders to personally inspect the equipment of his subordinates and to occasionally check on the men in the evening. He testified that he had made it a habit to make such a check about every other evening since he took over the department. He also testified that at the time of the injury he was returning to the police office driving a city-owned car, provided for him so he would be able to respond to emergency or other calls at any time during the day or night and to make such a check of his men and equipment pursuant to the written orders of his superior. Under these circumstances, I think the moment that petitioner left the University of Miami after his class for the purpose of returning to the police station to fulfill the duties of his employment, he was within the scope of employment for purposes of being compensated for his injury under the workmen’s compensation laws.
This case was not properly handled on either side. In his order, the Deputy Commissioner found that petitioner was enti- *479 tied to benefits as provided for under the Workmen’s Compensation Act, including medical benefits and compensation payments. He made no finding as to the amount due for medical payments, for temporary total or partial disability, if any, for permanent total or permanent partial disability, if any, as to what the percentage of permanent disability was, if any, nor as to what the date of maximum medical recovery was. The record reflects the testimony of but two witnesses, to wit: That of the petitioner, as contained in his deposition offered and admitted into evidence, his testimony on the day of the hearing, and the testimony of Chief Youell. It is devoid of any medical testimony, either as to disability or as to treatment and expenses. The only things shown are the average weekly wage plus the fact that petitioner spent about one week in the hospital and two months at home recuperating. Not only is the other deficient in its findings as to the compensation to which petitioner is entitled, United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741, but there is no evidence in the record to support such findings. I think the case should be remanded to the Deputy Commissioner with directions to allow the parties a reasonable time to present evidence in support of issues pointed out and then enter an order making such findings of fact and law as to compensation that it may seem proper.
I would grant the petition for certiorari and quash the order of the full Commission with directions to remand the case to the Deputy Commissioner for further action consistent with the opinions expressed herein.
HOBSON, J., concurring.