DREW, Justice.
Petitioner seeks to review an order of the full commission reversing an order of the deputy commissioner and dismissing claim of petitioner for compensation and medical benefits provided by the Florida Workmen’s Compensation law.
The pertinent facts appear in the compensation order of the deputy commissioner, the germane portions of which appear in the footnote.[1]
The deputy commissioner found the claimant’s departure from the premises of his employer for a matter of moments was “so insubstantial as not to constitute a deviation from his employment and that the employee’s departure was for the ultimate benefit of the employer whose interest would be served by the fact that rush work was to be completed as a result of the employee’s willingness to work overtime” and thereby sustained claimant’s contention that the injury was one arising out of and in the course of his employment.
The keystone of the reversal of the full commission is contained in the following sentence: “The employee herein left his work on a purely personal mission to move his car to another location and while he was engaged in this personal mission he sus *723 tained the injuries which are the subject of his claim.”
Our review here is confined to a determination of whether the full cotnmission was ultra fines mandati in its action.
We again point out that the full commission, as stated in, among other cases, Wiedman v. Daryl Products Corporation, Fla. 1961, 127 So.2d 448, 450, is not authorized to make findings of fact:
“The full commission, while it has the statutory obligation to affirm, reverse, modify or remand, must do so, so far as factual matters are concerned, on the basis of the findings of facts of the deputy and not on the separate substituted findings of its own.” [2]
The full commission relies on the case of Alan Wright Funeral Home, Inc. v. Simpson, Fla.1957, 93 So.2d 375 in support of its order. We cannot agree that the instant case is in conflict with Simpson. On the contrary, it is clearly distinguishable. In Simpson “the deputy commissioner found ‘at the time of the accident claimant was not crossing the street in response to a call nor was he tinder the direction of his employer. His duties for the day had been completed and he was free to go where he pleased as long as he left word at the funeral home of his whereabouts.’ (Emphasis added) Nevertheless the deputy commissioner held that the injuries sustained in the accident were compensable and his order was affirmed by the full commission.” (text page 376.)
The wrong conclusion of law was drawn by the deputy in Simpson from the evidence submitted to him. This is clearly apparent from the following observation in the opinion :
“We have never held, or intimated, that 24 hour call duty afforded a blanket of coverage to an employee without regard to his activity at the time of injury.”
In the instant case the full commission fell into error by issuing its ukase that the finding of the deputy was not supported by competent substantial evidence and finding as a matter of fact that the employee left his work on a purely personal mission when the deputy found, as a fact, that his actions were for the ultimate benefit of his employer, a conclusion supported by the kind and quality of evidence required by our decisions.[3] The separate substituted finding of the full commission was without the scope of its jurisdiction and was as erroneous as the legal determination there was no competent substantial evidence to support the legal conclusion of the deputy commissioner.
The petition for writ of certiorari is granted and the order of the full commission is quashed with directions to the full *724 commission to reinstate the order of the deputy commissioner. In such order it shall allow claimant’s counsel reasonable fees for his services in this cause before the full commission.
It is so ordered.
THOMAS, C. J., TERRELL and HOB-SON, JJ., and McLANE, Circuit Judge, concur.

. “2. The sole issue in this case is whether or not the claimant was injured in an accident which arose out of and in the course of his employment when he left his work briefly and walked out on Southwest 8th Street to move his automobile from a ‘No Parking’ zone.
I!g_ * * *
“4. The claimant testified, and I so find as it was uncontradicted, that on March 24, 1959, at approximately 5:00 P.M. the claimant was working on a taxicab repair job, the completion of which was urgent; that the claimant intended to work that evening until the work was finished; that upon being advised by a fellow employee, (Art Strydio), that a policeman was putting a parking ticket on his car, he left the job on which he was working and hurriedly made his way out to his car which was parked on Southwest 8th Street, where he was struck by a passing automobile as he attempted to enter his automobile.
“5. The claimant and Mr. Strydio both testified, which was likewise uncontra-dieted, that the employees were not prohibited from parking their cars on Southwest Sth Street except directly in front of the employer’s establishment; that the claimant’s car was not parked in an area prohibited by the employer; that the practice of parking cars on Southwest 8th Street was recognized and condoned by the employer as evidenced by the un-contradicted testimony that the employer customarily, by use of the public address system, notified the employees when it was five o’clock and suggested that they remove their cars from the street, and I so find.
“6. That the claimant was dressed in work clothes at the time of the accident; * *
“7. I find that the claimant’s departure from the premises of the employer for a matter of moments was so insubstantial as not to constitute a deviation from his employment and that the employee’s departure was for the ultimate benefit of the employer whose interest would be served by the fact that rush work was to be completed as a result of the employee’s willingness to work overtime * *

. Hardy v. City of Tarpon Springs, Fla. 1955, 81 So.2d 503, 507:
“It has been suggested that the instant case should be reviewed and affirmed because the evidence shows no material conflict but is susceptible only of an interpretation favorable to the decision. However, it is futile for this Court to examine the record because it is not our duty to, nor should we, sit as a fact finding body to determine from the evidence the facts in the first instance. Nor can we on review ascertain whether the evidence is sufficient to establish facts which have not been found by the Deputy Commissioner. Nor is it our duty nor are we required to inspect the evidence in order to determine opposing contentions about what it may show, or to state such findings of fact as the evidence may permit. The Deputy Commissioner is the only person having authority to make findings of fact. Our examination of the evidence is not for the purpose of making fact findings but is for the purpose of ascertaining whether findings which have been made are properly supported by the evidence.” (Italics theirs.)

. Blount v. State Road Department, Fla. 1956, 87 So.2d 507; Naranja Rock Company v. Dawal Farms, Fla.1954, 74 So.2d 282; Wilson Cypress Company v. Miller, 1946, 157 Fla. 459, 26 So.2d 441; Bowen v. Keen, 1944, 154 Fla. 161, 17 So.2d 706 and Sweat v. Allen, 1941, 145 Fla. 733, 200 So. 348.