CHARLES R. SCOTT, Circuit Judge.
Petitioner, Christopher Carr filed a claim for compensation and the deputy commissioner made an award to claimant based upon a stipulation of facts between the claimant and his employer — respondent United States Sugar Corporation.
The full commission denied compensation and reversed the deputy commissioner’s finding by a two to one decision. The claimant has petitioned this Court to review by certiorari the order of the Commission.
The stipulated facts are set forth in the findings of fact of the deputy commissioner as follows:
“That on November 27, 1959, in Glades County, Florida, the claimant Christopher Carr was employed by the United States Sugar Corporation, the claimant having been brought to Florida from Jamaica by Florida Sugar Producers Association, and was employed under contract entered into by United States Sugar Corporation with British West Indies Corporation and that claimant was represented in this country by the British West Indies Corporation. That section 3(b) of the employment contract required the claimant to reside at the place furnished by the employer.
“That the employer maintained for its employees Benbow Village, a housing proj ect located 5 miles from Moore Flaven and 9 miles from Clewiston. There was no other housing accommodation in the immediate vicinity for the employees and the employees were required by the employment contract to live in the housing accommodation furnished by the employer. That Benbow Village consisted of a number of barracks in which the employees were to *639 live and also a mess hall where meals were furnished for the employees, the employees paying, however, for meals that they obtained at the mess hall. The mess hall was opened at 5:30 A.M. and served breakfast, remained open until 5:30 P.M. for serving dinner. Lunch was furnished by the employer to the employees in the field.
“That on November 27, 1959, the claimant reported for work at 7 A.M., was given a half hour for lunch, and completed his day’s work at 2:30 P.M., having worked 7 hours in the field. On the same day, at approximately 8 P.M. the claimant was leaving the barracks provided by the employer where he was living, to go to another barracks in the immediate vicinity and in the same village maintained by the employer, to see a fellow employee, a friend of his. In descending the stairs from his barracks he slipped and fell, as result of which he sustained abrasions of the left heel.”
The deputy commissioner by his order found that the petitioner was injured in an accident arising out of and in the course of his employment with the respondent. The deputy commissioner in his findings said:
“That the employer, United States Sugar Corporation, furnished the living accommodations for the employee and required him to occupy the same while employed. The continuity of employment was not broken while he was actually using and occupying the premises for the purpose for which it was furnished. He was still within the orbit of his employment while using the premises for living quarters even though he was off duty from the regular shift of work. The employer required such occupancy and the same is an incident to the obligation of his regular employment. The activity of using such housing accommodation is exercised as an incident to the performance of his duties to the employer. The employer could not expect the employees whom it requires to live in the village furnished by it, to pass all of their time when they were not working in the field, in the barracks where they were assigned to a room.' The claimant in this case was only making reasonable use of the premises assigned to him and such use as he was making of the premises could have been reasonably expected by his employer in spending his time when off duty.
“Considering all of the testimony, I find that the claimant Christopher Carr was injured in an accident arising out of and in the course of his employment with United States Sugar Corporation on November 27, 1959, when he slipped in descending the stairs from a barracks to which he was assigned to live, and is entitled to compensation for temporary total disability from November 28, 1959, to December 9, 1959, a total period of ten days, less the 7-day waiting period.”
The majority opinion of the commission based their reversal of the deputy’s order on the ground the petitioner was engaged in a “purely personal mission” at the time of injury. The dissenting commissioner found the claim compensable on the ground petitioner was required to live on the premises of his employer at the time of the injury by reason of the contract requirement.
The question involved is the application of the so called “bunkhouse” rule. In Wilson Cypress Co. v. Miller (1946) 157 Fla. 459, 26 So.2d 441, this Court said in awarding compensation to the widow of the claimant who was burned to death while sleeping in the houseboat of his employer. Text 442.
“The law is well settled to the effect that when the contract of employment contemplates that the employee shall sleep on the employer’s premises, as an incident to the employment, and is injured while not engaged on a purely personal mission, the injury is compen- *640 sable. See Campbell on Workmen’s Compensation, Vol. 1, page 188; Nick Guiliano v. Daniel O’Connell’s Sons, 105 Conn. 695, 136 A. 677, 56 A.L.R. 504; John H. Kaiser [Lumber Co.] v. Industrial Commission, 181 Wis. 513, 195 N.W. 329; McNicol’s (dependents’) Case, 215 Mass. 497, 102 N.E. 697, L.R.A.1916A, 306; Myers v. Louisiana Ry. & Nav. Co., 140 La. 937, 74 So. 256.
“In this case Miller was not required to sleep on the house boat. He could have held the job without sleeping there. The employer furnished the house boat, without cost to the employees, for the obvious purpose of furthering his business. It cannot be argued seriously that the employer did not contemplate the use of the boat to sleep his employees. The case comes within the well known bunk-house rule.”
In the case at bar the employees were required by the employment contract to live in the barracks in Benbow Village, which were maintained by the employer. The petitioner was leaving the barracks where he was living to go to another barracks in the same village and in the immediate vicinity to see a fellow employee about 8 P. M., after having completed his work with respondent for the day. While descending the stairs from his own barracks he slipped and fell and was injured.
The law is clear that injuries to employees required to live on the premises are generally compensable if the source of injury was a risk distinctly associated with the conditions under which claimant lived because of the requirement of remaining on the premises.
In Larson’s Workmen’s Compensation Law, Vol. 1, it is said:
"Sec. 24.10 General resident-employee rule
“It has already been shown, in the case of employees with fixed time and place of work, that such personal activities as eating lunch or indulging in recreation are within the course of employment even when they take place outside strict working hours, if they take place on the employment premises. It has also been shown that all kinds of personal comfort activities within working hours on the premises are covered. It is possible, by an extension of this same idea, to say that when a worker is on the premises night and day all his personal comfort and incidental activities are within the course of employment, including sleeping at night. When the employee is on call at all hours, the reason for this broad coverage is strengthened, since then the position may be analogized ta that of an employee who is on duty and paid during his lunch period or rest interval. When the employee is not on call at all times, there is still an analogy in the rules for fixed-hours workers, for even the latter, while on the premises, are covered outside of their working hours while engaged in eating, recreation, going and coming, washing and the like.
“If a summary of the current state of the law in this entire area were to be attempted, the following would probably come as close to the mark as any condensed statement could:
“Injuries to employees required to live on the premises are generally com-pensable if one of the two following features is present: either that the claimant was continuously on call, or that the source of injury was a risk distinctly associated with the conditions under which claimant lived because of the requirement of remaining on the premises.
“Some jurisdictions go further, some not so far; but this brief statement describes the rule that emerges from the bulk of the decisions.”
*641 Here the employer maintained the barracks for the obvious purpose of furthering the business of producing sugar so that the employees would be readily available to report for work in the fields at 7 A. M. In fact, Section 3(b) of the employment contract between respondent, United States Sugar Corporation, and the employee’s representative, British West Indies Corporation, required the claimant to reside in the barracks furnished by the employer. Surely it must have been contemplated by the parties to the employment contract that the employees would be free to visit with other employees in different barracks in the same village rather than be confined when off duty exclusively to the particular barracks where the employee was required to live.
In Schneider on Workmen’s Compensation Law, Vol. 7, Section 1631, it is said:
“The general rule is, if an employee is required to live or board on the premises of his employer, either by the terms of his contract of employment or by the necessity of the work, an injury received while making reasonable use of the premises may be compensable, though the employee is not at work at the time of the injury.”
We hold the claimant at the time of receiving his injuries was making a reasonable use of the premises.
In allowing compensation to a migratory worker who was injured on the premises of his employer the day before he was to report for work, the Court in Dupree v. Barney, 193 Pa.Super. 331, 163 A.2d 901, p. 906, said:
“The claimant belongs to a class of agricultural labor that has developed in the last twenty years. Migrating workmen or migrants as they are called, are now an important and necessary adjunct to modern agriculture’s labor pool. As the word implies, they move habitually from one region or climate to another following the work of picking and harvesting potatoes, other vegetables, fruit and grain, sometimes on a contract job basis, other times on an hourly or quantity basis. As they are migratory workmen they do not establish residences so that their housing, and in many cases their supply of food, is a part of their employment. This is an advantage to the employer because, in most cases, the work being done must be completed as soon as possible as the products dealt with are of a perishable nature. Providing housing, therefore, is an assurance that the workers are readily available at any time within a short distance from the work area.”
In Johnson v. Arizona Highway Department, 78 Ariz. 415, 281 P.2d 123, p. 124, the Court said:
“The authorities are agreed that if an employer furnishes living accommodations for án employep and requires him to occupy the same while employed, the continuity of employment is not broken while he is actually using and occupying the premises for the purpose for which it was furnished. In other words, under such circumstances he is still within the orbit of his employment while using the premises for living quarters, even though he be off duty from regular shift. The reason for this is that if his employer requires such occupancy, the same is an incident to the obligation of his regular employment. The activity of using such housing accommodations is exercised as an incident to the performance of his duties to the employer. 58 Am. Jur., Workmen’s Compensation, Section 229; Annotations, 31 A.L.R. 1252; 56 A.L.R. 512; 158 A.L.R. 608.”
We hold that the petitioner under the agreed stipulation of facts was within the orbit of his employment when he sustained an injury while' off duty in the barracks to which he was assigned by his employer and where he was required to live under the *642 terms of his employment contract, and that such injury is compensable.
The petition for writ of certiorari is granted and the order of the full Commission is quashed and this cause remanded to the full Commission with directions to reinstate the compensation order of the deputy commissioner of December 8, 1960.
It is so ordered.
ROBERTS, C. J., and HOBSON, DREW and O’CONNELL, JJ., concur.