DREW, Justice
(dissenting).
The undisputed facts in this case as found by the deputy commissioner clearly establish that “claimant’s hours of work were from 8:00 a. m. to 3:30 p. m. and he was allowed thirty-five minutes for lunch. He punched a clock on arriving in the morning and when leaving in the afternoon. Pie did not punch the clock leaving or returning from lunch.” On the day he received his injury “at about 12:10 p. m. the claimant left the Lindsey Plopkins school building to have his lunch * * and after having lunch and on his way back to the building from a nearby restaurant “the claimant saw and recognized two of his girl students standing on the sidewalk at or near the school building entrance * * * from the moment he saw them he intended to reprimand the girls for being in violation of school regulations.” In crossing the street for the purpose of reprimanding the girls, he was struck by a car and severely injured. “The presence of the girls on the sidewalk was in violation of school regulations” and “it was within claimant’s duties and authority to reprimand students violating school regulations.”[1] (The quoted language is from the deputy’s compensation order.)
Accepting the facts so found by the deputy commissioner the conclusion of the deputy, and the full commission in its affirmance thereof, that the injury of claimant did not arise out of and in the course of his employment is in my opinion erroneous and should be reversed, because both clearly misconstrued the legal effect of the evidence.
The going and coming rule discussed at length in the findings of the deputy and the able deputy’s attempt to apply that rule in this cause apparently led him into error because, under the admitted facts in this record, this claimant was clearly in the course of his employment at the time of the injury. The going and coming rule is applicable to injuries arising prior to the time a work *229 man enters upon his employment and comes under the dominion and control of his employer or after he leaves the employment and is released from the dominion and control of his employer. There are, of course, circumstances under which the rule would he applicable to lunch hour periods or other absences but this case must be determined upon the evidence here which establishes without question that during the period of the lunch hour in this case this claimant was still in the course of his employment.
A very similar situation was treated in Sweat v. Allen,[2] where a policeman — -whose regular hours began at 7:00 a. m. and terminated at 7:00 p. m. — was struck by a dairy truck shortly after 6:00 a. m. while enroute to work. In holding the claimant there to be entitled to compensation, this Court pointed out (with reference to the going and coming rule) that in cases such as this “the criterion of its applicability depends upon the nature and circumstances of the particular employment, and no ‘exact formula can be laid down which will automatically solve every case.’ ” Moreover, in our discussion of Sweat v. Allen; Blount v. State Road Department[3] and similar cases in Alan Wright Funeral Homes v. Simpson,[4] we reaffirmed our holding in Fidelity & Casualty Co. of New York v. Moore[5] in which we said, among .other things:
“ * * * the injury must occur within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it.’’
The pivotal point in Sweat v. Allen is the following quotation from that case: “and while he was not there in response to an order on the morning of his injury, he was within his employment for he was still charged with the duty or task connected therewith.” So far as the applicability of the workmen’s compensation act is concerned, no distinction can be drawn between the activities of the policeman in Sweat v. Allen and the instructor in this case. If a distinction is to be made, the instructor’s case is the strongest. He was required under his employment contract to reprimand or report violations of school regulations while the policeman was, so far as the record there discloses, under no compulsion to act for or perform any duty authorized in his employment. In the instant case during the whole of the lunch hour this claimant was charged with the duty of seeing that the school’s regulations were not violated and it would be a violation of his duty as a teacher had he failed to observe and so reprimand.[6]
The conclusion which I reach that this claimant was within the scope of his employment and is entitled to the benefits of the compensation act is not only required by Sweat v. Allen but by the holding of this Court in Blount v. State Road Department, supra. In that case the claimant, an employee of the Road Department, was required at all times he was upon the highway to perform his duties of eliminating dangerous conditions involving the highways wherever the situation presented itself in the course of his travels. We held com-pensable his death resulting from an accident while driving along one of these highways enroute to his home.
My conclusion that the claimant was injured in the course of his employment disposes of the contention of respondents concerning the statement of claimant that when he saw the two girls violating school regulations he then determined to reprimand them and was proceeding across the street for that purpose when injured. This would be germane if the going and coming rule *230 were applicable but inasmuch as, in my opinion, he was in the course of his employment at the time of injury, there is no issue concerning the time he returned to his employment because he never left it.
I think the order of the full commission should be quashed with directions to vacate the order of the deputy commissioner and remand the cause for further proceedings.
ROBERTS, C. J., and TERRELL, J., concur.

., Claimant’s supervisor in his testimony-concerning the terms of the employment contract and the responsibility of claimant testified as follows:
“Q. Now, assuming that Dr. Ells-worth (claimant) was returning from lunch at Bo’s Restaurant around 12:30 P.M., and when he was about 100 feet south of the intersection at Northeast 14th Street, and Northeast First Court, while walking north on the easterly sidewalk approaching that intersection, if at that point he saw some girls outside of the building, what, if anything, should he do about it?
“A. It is his job to inform them that they are to be inside of the building.
“Q. When should he inform them, sir?
“A. Right when he saw them.
“Q. In other words, as soon as he sees them, it’s his duty to go straight to them?
“A. And refer them to the Dean of Girls.
“Q. And he, sir, is supposed to go straight to them, is that correct?
“A. That’s right.
“Q. And if he did not do so, would he be violating his duty as a teacher?
“A. That’s right.”

. 145 Fla. 733, 200 So. 348.

. Fla., 87 So.2d 507.

. Fla., 93 So.2d 375.

. 143 Fla. 103, 196 So. 495.

. Footnote 1, supra.