ANSTEAD, Judge,
dissenting:
Although I am sympathetic with the result reached by the majority, it is difficult to square that result with the provisions of Chapter 47, the venue statute, and specifically Section 47.071 thereof which provides:
Jurisdiction over navigable waters.When the territorial jurisdiction of a court extends to one bank of any navigable water, such court has jurisdiction across such navigable water from shore to shore. If the territorial jurisdiction of different courts, whether of the same county or not, extends to the opposite bank of any navigable water, such courts have concurrent jurisdiction across said navigable water from shore to shore.
The territorial jurisdiction of the Circuit Court of Palm Beach County extends to one bank of the navigable body of water involved herein. Accordingly, Section 47.071 clearly authorizes the action involved herein to be filed in Palm Beach County as well as Glades County. See Wilson Cypress Co. v. Miller, 157 Fla. 459, 26 So.2d 441 (1946). That being so, I believe the appéllants have *1092 failed to demonstrate error by the trial court. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. National Bank of Melbourne and Trust Co., 238 So.2d 665 (Fla. 4th DCA 1970).