WENTWORTH, Judge.
The employer/carrier appeal an order of the deputy commissioner finding the claimant’s accident compensable, based on the “bunk-house rule.” We affirm.
Claimant was a migrant worker, working for appellant/Mecca Farms, when he was shot by co-residents of the migrant camp where he was living. The incident occurred at approximately 3:40 a. m. when claimant discovered two men attempting to steal his food. Claimant and his assailants were all residents of a migrant camp in which Mecca’s employee, Benito Rodriguez, leased houses. Rodriguez rented some of the leased buildings to third parties, but for laborers like claimant, who worked for Mecca, the housing was provided rent free. Rodriguez was employed by Mecca Farms to manage and supervise the migrant workers at the farm. The deputy found that the housing was furnished to claimant for the benefit of Mecca and the injury was therefore compensable under the bunk-house rule.
That doctrine permits workers’ compensation for an accident which would not normally be compensable because it occurred outside the ordinary course and scope of employment. The rule is applicable when the employment contract contemplates that the employee sleep on premises provided by the employer. Wilson Cypress Co. v. Miller, 157 Fla. 459, 26 So.2d 441 (1946). Such premises need not be the only available housing, and their use need not be contractually required if the employer contemplated the employee’s use of the housing. Id.
In this case, we find no serious question as to the employer’s expectation that claimant would reside in the premises provided. In Carr v. United States Sugar Corporation, 136 So.2d 638 (Fla.1962), the Court noted with approval the following:
The claimant belongs to a class of agricultural labor that has developed in the *574 last twenty years. Migrating workmen or migrants as they are called, are now an important and necessary adjunct to modern agriculture’s labor pool. As the word implies, they move habitually from one region or climate to another following the work of picking and harvesting potatoes, other vegetables, fruit and grain, sometimes on a contract job basis, other times on an hourly or quantity basis. As they are migratory workmen they do not establish residences so that their housing, and in many cases their supply of food, is a part of their employment. This is an advantage to the employer because, in most cases, the work being done must be completed as soon as possible as the products dealt with are of a perishable nature. Providing housing, therefore, is an assurance that the workers are readily available at any time within a short distance from the work area.
Id. at 641 (quoting Dupree v. Barney, 193 Pa.Super. 331, 163 A.2d 901 (1960)).
As noted in the quoted passage, the employer clearly benefits from having such workers together and readily available. If an employer chooses to pay one employee to make these arrangements, that circumstance does not alter the fact that the contract of employment between it and the worker contemplated that housing would be furnished.
A second requirement for applying the bunk-house rule is that the source of injury should be a risk distinctly associated with the conditions under which the claimant lived. Carr, supra. The deputy commissioner found in this case that the particular conditions of the migrant camp created the source of the injury. This finding is supported by competent substantial evidence. The order notes:
Accordingly, I find that the accident arose out of the employment in that it had its origin in the placing of several employees of Mecca Farms, Inc., in close proximity in their living quarters, which placement exposed the claimant to the type of food-stealing incident by co-employees that apparently did occur here.
Finally, appellants contest the amount of claimant’s average weekly wage. Although the evidence is ambiguous, it is competent to support the deputy’s finding.
AFFIRMED.
ERVIN and SHIVERS, JJ., concur.