SMITH, Judge.
In this appeal of an order denying death benefits, appellant argues that the Judge of Compensation Claims (JCC) erred in finding the employee’s death was due to reasons personal to the employee and hence was not causally related to his employment. We affirm.
The employee suffered extensive hand injuries in an industrial accident. It became necessary for him to move, at employer or carrier’s direction and expense, from his Belle Glades home to the Jackson Medical Towers in Miami in order to receive treatment for his compensable injury. The employee’s wife and son, the appellant, did not stay with him at the complex. The employee developed an amorous relationship with a nursing home chauffeur, Dele-sa Butler, whom the employee met at the office of the treating physician. Butler was not an employee of the treating physician or of the medical complex. Butler stayed with the employee at the complex for extended periods of time, and while the evidence on this point was in dispute, the JCC found that the complex as well as the employer were unaware that Butler was an inhabitant of the employee’s room. During the course of the relationship, Butler gave birth to the employee’s alleged illegitimate child. The evidence discloses that prior to the fatal attack, the employee and Butler were estranged. On May 5, 1988, Butler fatally stabbed the employee in his room at *658 the medical complex following an argument.[1] One of the several witnesses of the attack, the complex security guard, testified before the JCC that the employee was demanding that Butler leave his room when he was stabbed. The employee was unarmed, and was not assaulting Butler at the time of her attack. The treating physician testified that the employee had reached MMI prior to his death.
The appellant sought permanent disability as well as death benefits, the latter of which was premised on several theories of recovery. The JCC awarded amputation benefits, but denied death benefits. On appeal, the appellant argues that the JCC erred in finding that the employee’s death is not compensable under the bunkhouse rule, or, alternatively, under the personal comfort doctrine.
In order for the bunkhouse rule to apply, it must be shown, among other things, that the source of the injury is “a risk distinctly associated with the conditions under which the claimant lived.” Mecca Farms, Inc. v. Espino, 414 So.2d 572, 574 (Fla. 1st DCA 1982). We find no error in the JCC’s findings that the employee’s death resulted from an event that was purely personal to the employee, and a consequence of his domestic or private life. Thus, his unfortunate death from an injury inflicted by Butler was not a risk “distinctly associated” with his stay at the medical facility for treatment of his hand. Id.[2] Furthermore, while we are unwilling to categorically rule that injuries arising from human companionship could never fall under the personal comfort doctrine,[3] we nevertheless have no difficulty in finding that benefits cannot be awarded on this theory under the facts of this case.
The findings made by the judge of compensation claims are adequately supported by competent, substantial evidence. We therefore affirm the order appealed.
AFFIRMED.
WIGGINTON, J., and WENTWORTH, Senior Judge, concur.

. The evidence discloses that among those present at the time of the attack was the employee’s second girlfriend, who was also an occupant of employee's room.

. Neither did the employee’s relationship with Butler satisfy the "reasonable activity” test so as to warrant coverage under the "traveling employee” doctrine. Garver v. Eastern Airlines, 553 So.2d 263 (Fla.1st DCA 1990).

.It should be noted that the appellant has cited no case involving injuries caused by a companion which were deemed compensable under the personal comfort doctrine.